Vincent A. Lupiano, J.
The plaintiff moves (a) to vacate the statement of readiness and note of issue filed by the defendant and to strike the case from the calendar and (b) for an examination before trial of certain named witnesses. By cross motion, defendant seeks to vacate the plaintiff’s demand, in its entirety, for a bill of particulars, which is addressed to the three separate, distinct and complete affirmative defenses.
It appears that an order of this court dated February 28,1962 directed1 ‘ that this cause shall be noticed for trial for the earliest available term”. This direction appeared in a memorandum decision of this court published in the New York Law Journal *1079 on January 29, 1962 (p. 14, col. 4). On February 7, 1962, the defendant, before the afore-mentioned order was signed, served and filed a note of issue and statement of readiness for the March 1962 Term. On or about February 8, 1962 the plaintiff served her demand for a bill of particulars.
The branch of the plaintiff’s motion enumerated (b) which seeks an examination before trial is denied. General examinations in contested matrimonial actions are not allowed as a matter of policy (Tausik v. Tausik, 280 App. Div. 887; New York County Supreme Court Trial Term Bules, rule XI, subd. 7). Special circumstances warranting departure from such policy have not been shown herein.
With respect to the defendant’s cross motion: it appears from a reading of the affirmative defenses, which are lengthy and prolix in their content, and in light of the grave charges and numerous conclusory allegations of fact contained therein that plaintiff’s demand is not so unreasonable and burdensome as to constitute an abuse of her right to a bill of particulars.
The plaintiff has summed up this problem in these words: “ If truly the demand is burdensome, it is only because the pleading to which it is directed is burdensome. If, indeed, the demand may be characterized as cumbersome, so too the defenses sought to be particularized. Similarly, if the demand may be labeled elaborate, it is only because the pleading is elaborate.” In these respects plaintiff is right and what the demand seeks to do is to pinpoint particular allegations of the defendant’s pleading. For in light of the unusual, conclusory and general accusations contained in the defenses, defendant has made it necessary to require particulars to the extent demanded so as to prevent surprise at the trial. Succinctly stated, “ The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet ” (Elman v. Ziegfeld, 200 App. Div. 494, 497).
And if some of the items in the demand are improper, the defendant upon this motion has failed to point out which specific items are improper and has failed to point out the particular objections to such items to the court. Moreover, the court should not be burdened with the obligation of sifting the good items from the bad in this kind of pleading situation.
Accordingly, the cross motion is denied. The defendant is directed to serve a bill pursuant to the demand within 10 days after service of a copy of this order with notice of entry thereof. If defendant lacks knowledge as to any specific items demanded, he may so state under oath.
*1080 That branch of plaintiff’s motion enumerated (a) seeking to vacate the statement of readiness and to strike the action from the calendar is denied upon condition that defendant serve his bill of particulars as directed above. Otherwise, this branch of the motion is granted.