Frank A. Gulotta, J.
Plaintiff’s motion to strike the defendant’s answer for failure to appear for an examination before trial pursuant to notice is denied.
Although the motion is unopposed, the relief sought must be denied since it is no longer available in the first instance under 3126 CPLR.
*942 That section states that such a penalty may be invoked only when a party “ refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed”.
In the context I construe the first part of this quotation to deal with attending the examination and the second part to deal with conduct during the examination itself.
The failure to include in the new law that portion of section 299 of the Civil Practice Act which specifically cloaked a ‘ ‘ notice ’ ’ with the force of an “ order ”, must be regarded as deliberate.
This accords with the notes on this section to he found in the First Preliminary Report of the Temporary Commission on the Courts (N. Y. Legis. Doc., 1957, No. 6[b], p. 159) wherein it is stated: “ This rule is based on Federal rule 37 (b). Under section 299 of the civil practice act, if a party ignores a notice, Ms pleading may be stricken on motion. Under the proposed rule, the court will, on motion, make a conditional order that if the party does not appear or does not answer certain questions the penalties in (1) to (3) will automatically be visited upon him.”
It is further stated: ‘ ‘ The phrase ‘ willfully fails to reveal information which the court finds ought to have been revealed ’ provides a sanction for rule 34.19 ”.
Rule 34.19 of the report wMch became 3134 CP'LR deals with answers to interrogatories.
TMs too I think is indicative of the fact that “ wilful ” has to do with answering questions rather than with attendance at an examination.