Domenick L. Gabrielli, J.
On July 21, 1964, plaintiff served upon defendant a notice in Action No. 1 to examine the defendant before trial. The examination was to be conducted on July 31, 1964. Eight days prior to this examination, the defendant, by notice of motion, made application for a protective order relative to the examination to be conducted. The defendant did not appear on July 31 and plaintiff now seeks an order under CPLR 3126 striking the answer of the defendant.
3103, subd. (b) of the Civil Practice Law and Rules provides as follows: “ Suspension of disclosure pending application for protective order. Service of a notice of motion for a protective order shall suspend disclosure of the particular matter in dispute.”
It is, therefore, apparent that any disobedience of the notice of examination before trial was not “ wilful ” in the sense intended to create the sanction contemplated by CPLR 3126.
There is a further reason why plaintiff’s motion must fail. The relief (to strike a pleading) available under 3126, subd. 3 of the Civil Practice Law and Rules can be granted only in the event a party “ refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed ” (emphasis supplied). A careful reading of the appropriate provisions of the Civil Practice Law and Rules makes it apparent that a party is required to obtain a court order (CPLR 3124) or a direction of the court as a condition precedent to seeking any of the sanctions under CPLR 3126 against a defaulting party. (Gaffney v. City of New York, 41 Misc 2d 1049.)
In response to a demand for a bill of particulars in Action No. 1, the plaintiff stated he was unable to comply with the demand and stated, in part, that he was ‘ ‘ unable to adequately and completely answer and comply with such demand unless and until the examination before trial is held as required by said notice of examination before trial.”
The action to which this motion is addressed (Action No. 1) is for a money judgment for moneys loaned to the defendant. The response to the demand for a bill of particulars did not assign any general or specific reason for the plaintiff’s inability to answer the demands, being 10 in number; rather, as indicated, the plaintiff states he cannot answer any of the demands until the examination is held.
To require a party to furnish particulars which are not within his power to furnish has been held to be an improvident exercise of discretion. (People v. McClellan, 191 N. Y. 341, 348; *1088 Schlank v. East River Sav. Bank, 272 App. Div. 56.) This philosophy has also been strongly expressed in Eisenstaedt v. Schweitzer (3 A D 2d 716), but it was there clearly shown that the pleader had no information at all to furnish without first conducting an examination before trial. In such a case he is permitted to first conduct the examination before trial of his adversary and then file his bill of particulars.
A reading of the pleadings indicates that the plaintiff should be able to reply to demands numbered 3, 4, 5, 6 and 7. It is entirely possible that he cannot reply to the other demands until the examination is conducted. Under such circumstances, the practice of refusing, in blanket form, to respond to specific demands should not be condoned. When a pleader can supply certain of the demands, better practice requires that he should do so to the extent of his ability and state therein that a supplemental bill of particulars will be served upon completion of the examination.
Because of the posture of the pleadings and in order to achieve a continuity of procedure in the early disposition of this litigation, the court, in its discretion, directs that the examination before trial of the defendant be first conducted and that the plaintiff’s bill of particulars be thereafter furnished. To require a bill of particulars in advance of obtaining the necessary information is futile. (Weber v. Columbia Amusement Co., 154 App. Div. 882; Eisenstaedt v. Schweitzer, supra; Lustig v. Longchamps, 279 App. Div. 928; Berkowitz v. Rothschild, 279 App. Div. 909.)
Indeed, the principle here enunciated has been uniformly held to be the proper procedure under the circumstances present in this case. (King v. McCormick, 19 A D 2d 874; Frankel v. Rochester Iron & Metal Co., 16 A D 2d 864; Carney v. Liebmann Breweries, 8 Misc 2d 1064.)
In the action for declaratory judgment (Action No. 2) the defendant seeks an order of preclusion on the ground that the plaintiff has refused to respond to the first 7 of the 8 items in defendant’s demand for a bill of particulars. The defendant served his demand on July 16, 1964. No motion to vacate or modify the demand was made by plaintiff who, on July 21, responded to the demand by answering only one of the items. 3042, subd. (a) of the Civil Practice Law and Rules provides: ‘ ‘ Notice. A request for a bill of particulars or a copy of the items of an account shall be made by serving a written notice stating the items concerning which such particulars are desired. If the party upon whom such notice is served is unwilling to *1089 give such particulars, in Avhole or in part, he may move to vacate or modify such notice within five days after receipt thereof. The notice or supporting papers shall specify clearly the objections and the grounds therefor. If no such motion is made the bill of particulars shall be served within ten days after the demand therefor, unless the court shall otherwise direct. ’ ’
It is well to here point out that upon this motion to preclude, the plaintiff has not tiled any affidavit stating his objections to the demands in question; nor was a motion made to vacate or modify any of the 7 demands which remain unanswered. The revisers in writing 3042, subd. (a), and referring to a motion to vacate, made specific reference to the necessity that “ The notice or supporting papers shall specify clearly the objections and the grounds therefor” (italics supplied). Where there is a blanket or near-blanket refusal, as here, it should not be the court’s task to sift the items in order to determine what is proper. (Weisner v. Weisner, 33 Misc 2d 1078.) So also should a litigant, objecting to a demand or demands upon a motion to preclude “clearly” specify the objections and the grounds therefor, by affidavit or otherwise.
The court is mindful of the last sentence of CPLR 3042, subd. (a) wherein it is stated that “If no such motion [to vacate or modify a demand] is made the bill of particulars shall be served within ten days after the demand therefor, unless the court shall otherwise direct.” So also, 3042, subd. (d), in part states that “Where a bill of particulars, or copy of the items of an account, is regarded as defective or insufficient by the party upon whom it is served, the court, upon notice, may make an order of preclusion or directing the service of a further bill ” (italics supplied). With respect, therefore, to the motion to preclude in Action No. 2, the plaintiff shall make and file a further bill of particulars, responding to demands numbered 1 through 7, within 15 days from the entry and service of an order herein. If a demand is improper, the plaintiff can so state and clearly assign the objections and grounds therefor. The order shall further provide that it is without prejudice to a renewal of the motion by defendant, should the facts so warrant.
Orders in Action No. 1 may, therefore, be submitted (1) denying plaintiff’s motion to strike the defendant’s answer; (2) denying the defendant’s motion to require plaintiff to answer the demand for a bill of particulars to the extent herein recited; and (3) denying the defendant’s motion to vacate the notice *1090 of examination before trial. The order with reference to plaintiff’s bill of particulars and the examination of the defendant before trial shall further provide that the plaintiff’s bill of particulars shall be served within 60 days after the conclusion of the examination of the defendant before trial; and that this order is without prejudice to the right of the defendant to thereafter move on proper papers with respect to the specific items of the demand for a bill of particulars if it sees fit. (See Frankel v. Rochester Iron & Metal Co., supra.)