Abraham N. Geller, J.
Motion to direct defendant to appear for examination before trial, and in the event he fails to appear as directed, to impose the penalties set forth in CPLR 3126, is granted as herein indicated.
The parties served cross notices of examination. Plaintiff’s examination was first taken and completed and it was agreed to hold defendant’s examination on an early adjourned date. More than a month has gone by. Plaintiff’s attorney has been given various excuses and explanations, but defendant has not been produced. Now, in response to this motion, trial counsel for defendant states that he needs time to review the case; that “ there is no objection to granting plaintiff an examination *750 before trial, provided that the date of such examination is in the latter part of January 1965”; and that plaintiff has no right to any of the sanctions of CPLB 3126 because the examination was scheduled pursuant to notice and not by court order.
There have been decisions narrowly interpreting CPLB 3126 to require a two-step process where a party has proceeded by serving a notice of examination. This means that, if there is a failure to appear pursuant to notice, the aggrieved party must first move for an order compelling disclosure and if that is also disobeyed, then make a second motion for the penalty. This represents a distortion of the liberal disclosure procedure embodied in CPLB, which provides for notices as the normal method for obtaining disclosure and limits applications for court orders to special situations. 'Such an interpretation encourages disregard of notices — as here clearly .shown — and produces an increase in needless motion practice. It runs counter to the modern trend for expediting and streamlining the practice of law and the work of the courts, which was the very purpose intended to be fulfilled by CPLB.
It must be conceded that CPLB 3124 and 3126, which are involved in this question, are ambiguous and susceptible of more than one interpretation. All doubts should be resolved by a clearly phrased amendment, which probably will be enacted shortly in response to the criticism voiced by many Judges and lawyers to the too literal interpretation of the present provision.
But, even in its present form, the interpretation intended by the Advisory Committee, which drafted it, may reasonably be drawn. It is a practical and sensible interpretation which is consistent with the purpose and .spirit of CPLB. The committee’s notes under this provision (First Beport of the Advisory Committee on Practice and Procedure [1957], pp. 159-160) point out that under' section 299 of the Civil Practice Act, if a party ignored a notice to examine, his pleading might be •stricken on motion. It then stated: “ Under the proposed rule, the court will, on motion, make a conditional order that if the party does not appear or does not answer certain questions the penalties in (1) to (3) will automatically be visited upon him”. The conditional-order method was, in fact, the usual procedure adopted by most Judges when providing for imposition of possible penalties under the Civil Practice Act.
CPLB 3126 provides that if any party ‘ ‘ refuses to obey an order for disclosure or wilfully fails to disclose information which the .court finds ought to have been disclosed ” (emphasis supplied), the penalty set forth therein may be imposed. As intended by the committee, this could be deemed to include a *751 conditional order granted after failure to appear pursuant to a notice, which order would be served on the nonappearing party’s attorney prior .to a future date set therein for the examination, so that the subsequent failure to appear on that date would constitute a refusal to obey an order for disclosure. The order would contain the further provision that if the party did not appear as directed therein, his pleading was stricken or other penalty provided in CPLR 3126 without the requirement of a separate motion for such relief.
Settle order accordingly providing for examination at Special Term, Part I of this court, unless otherwise agreed, and fixing the date thereof; further providing for" service of a copy of the order as settled at least three days before the date fixed for examination; and further providing that if defendant fails to appear on said date, his pleading is stricken without the necessity of a further motion for .such relief.