Jack Stanislaw, J.
Defendant moves to strike the complaint by reason of plaintiff’s willful nondisclosure.
During defendant’s examination of Di Bartolo, one of the plaintiffs, counsel objected and refused to allow his client to respond to a particular inquiry. That same day a ruling was sought. Plaintiff’s attorney arrived at chambers only after having been summoned there by a clerk’s telephone call. The ruling was that Di Bartolo answer the question propounded, but immediate resumption of the examination was impossible as his attorney had meanwhile permitted this plaintiff to return home. Therefore, the Justice who had made the ruling set an adjourned date for the continuing examination. Subsequently, the request of plaintiff’s attorney for a further adjournment was refused. On the first specified date plaintiffs failed to appear for the continuation of the examination and this motion followed.
Di Bartolo’s attorney argues that the date set by the Judg'e was not intended nor understood to be a mandatory one, but rather was subject to counsel’s ability to confirm it with his clients. His adversary’s position is diametrically opposed to this interpretation, and upon a fair reading of the transcript *844 we must agree with. him. Nor are we constrained to elasticize the governing statutory provisions and find therein a requirement that before a court may punish a failure to disclose (CPLR 3126) there must have been a prior motion to compel disclosure (CPLR 3124; Mostow v. Shorr, 44 Misc 2d 733). In any event, plaintiff’s failure to appear on the date set by the court for the furtherance of the examination might be considered a ‘£ refusal to obey an order for disclosure ”.)
Regardless of the interpretation given the afore-mentioned sections by this court, we are nevertheless faced with the pervasive reluctance of both trial and appellate courts to take the drastic final step of dismissing a pleading for a breakdown in disclosure (i.e., Suncrest Dairy v. La Bella, 43 Misc 2d 941; Cornell v. Mor-Nell Development Corp., 43 Misc 2d 1086; Burbell v. Burman, 44 Misc 2d 749). This general hesitancy is noted and admirably developed by Professor Siegel in his 1965 Supplementary Practice Commentary to CPLR 3126 (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3126). This is not to infer that we are any less hesitant about visiting so harsh a penalty upon a party, but rather to acknowledge the general trend and rationalize our own similar tendencies. The punishment is harsh, but on the other hand we cannot altogether condone irresponsible action (or inaction) to the detriment of a party properly attempting to bring an action through disclosure to trial and the ultimate resolution of the issues involved.
Thus, in Nomako v. Ashton (22 A D 2d 683) the First Department, in a like situation, imposed costs and a counsel fee as conditions to the vacating of a default. Just recently (Nov. 15, 1965) the Second Department avoided dismissal by failing to find a willful default of the plaintiff himself, noting instead counsel’s erroneous advice to him (Page v. Lalor, 24 A D 2d 883). The instant circumstances present something of a combination of the factors present in both Nomako and Page. There has been a default here, and though there is no order striking the complaint as in Nomako, this defendant may be said to be in a position to obtain such an order. And with respect to Page, here too there is no convincing indication that the plaintiff himself willfully failed to appear, as opposed to a misplaced reliance upon the misleading attitude and advice of his attorney.
To conclude our perusal of this problem, the court finds itself unable to unconditionally dismiss the complaint in total disregard of the modified treatment of analogous situations in this Department (Page v. Lalor, supra). Yet we do not feel prohibited *845 from adopting some of the alternative measures as outlined in Nomako (supra). Therefore, the defendant’s motion is denied only on condition that within 20 days of entry of order herein the plaintiffs pay defendant a full hill of costs and $100 counsel fee and, on the twentieth day or first weekday following if it fall on a week end, appear for the continuation of the adjourned examination at the same place at 11:00 a.m. that day.