J. Irwin Shapiro, J.
This is a motion “ for an order: 1. Striking out the defendant’s answer and directing that judgment be entered in favor of plaintiff by reason of the defendant’s willful failure to appear for deposition upon oral questions pursuant to the notice therefor dated April 4, 1966, unless the defendant appears for deposition at the place set forth in said notice (the office of Watters & Donovan, 161 William Street, Borough of Manhattan, City of New York) on a date to be fixed in the order to be entered on this motion and unless, further, *324 the defendant pays the plaintiff $20 costs of this motion, $20 for stenographic attendance fee charged to the plaintiff on April 18, 1966, and $300 counsel fee of plaintiff’s attorney for being required to make this motion
The attorney for the defendant refused to produce his client for examination at the office of the attorneys for the plaintiff in the Borough of Manhattan upon the ground that as a matter of law his client could only be required to submit to an examination before trial “ within the county in which he resides ” or “ where the action is pending ”.
In this attitude he was mistaken, for CPLR 3110 which contains the above-quoted provisions provides in its last sentence that “ For the purpose of this rule New York city shall be considered one county.” This provision “ was intended to assist attorneys in noticing examinations at their offices ’ ’. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3110.09.)
In the absence of supervening circumstances, a person to be examined is required to attend in any county in the City of New York, whether or not it is the county in which the action is pending. (Allen v. Brower, 21 A D 2d 876, 877.) Under the circumstances, there is no justification for the defendant’s failure to appear for examination before trial as required by the notice served upon her attorney.
The additional ground urged by the defendant for the denial of this motion that sanctions may not be invoked against her because only a notice of examination was served, as contrasted with a court order, cannot receive the approbation of this court. While there are cases which hold that a party is “ required to obtain a court order (CPLR 3124) on a direction of the court as a condition precedent to seeking any penalties against the defaulting party pursuant to section 3126 of the Civil Practice Law and Rules ” (Gaffney v. City of New York, 41 Misc 2d 1049, 1050; Suncrest Dairy v. La Bella, 43 Misc 2d 941; Cornell v. Mor-Nell Development Corp., 43 Misc 2d 1086) the better view, in my opinion, is that an order directing an examination is not required before sanctions are imposed for failure to appear and that a refusal to appear in response to a notice is sufficient to invoke all appropriate sanctions. (Coffey v. Orbachs, Inc., 22 A D 2d 317; Mostow v. Shorr, 44 Misc 2d 733 ; Burbell v. Burman, 44 Misc 2d 749.)
In Coffey (supra) the Appellate Division, First Department, adverted to some of the Special Term decisions above mentioned which hold that the obtaining of an order for an examination (or a discovery), as distinguished from a mere notice, is a condition precedent to a motion to strike a pleading or the impost *325 tion of other sanctions and said (p. 318): “ The contrary view, which we believe to be the correct one, was adopted in Mostoio v. Shorr (44 Misc 2d 733)
The Civil Practice Law and Rules, designed as they were to liberalize court procedure and do away with unnecessary motion practice, should not, unless its language permits no other course, be given a less liberal interpretation than was given to similar provisions under the Civil Practice Act. Under the latter act such sanctions could be invoked upon the service of a mere notice. To invite disregard of a notice for an examination or a discovery and inspection by effectively removing any real sanctions would, to all intents and purposes “ import into the disclosure practice of the CPLR the abuses against which our courts inveighed under bills of particulars practice under the CPA.” (Coffey v. Orbachs, Inc., supra, p. 320.)
In Weinstein-Korn-Miller, New York Civil Practice (vol. 3, par. 3126.02) the authors say: “ It is perfectly clear, therefore, that it is not necessary to use two court steps to obtain relief — one obtaining an order and the second, obtaining another under CPLR 3126 when the first order is ignored. * # * Such a procedure — were it to become standard — would undercut the basic scheme of Article 31 which is to encourage notice procedure and to avoid applications to the court except in unusual situations. ’ ’
Professor David D. Siegel, in a comprehensive discussion of this subject, comes to the same conclusion in his Supplementary Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3126).
I hold that the court has the power, as a matter of law, to strike the defendant’s answer and direct judgment in favor of the plaintiff by reason of her default in appearing for the examination before trial pursuant to notice served upon her attorney. The question, therefore, is not one of power but whether, in the exercise of a sound judicial discretion, that power should be utilized to its fullest extent.
The refusal to obey and comply with the requirements of the notice of examination before trial, even though the attorney for the defendant thought it was improper, may not be justified. If, in his opinion, there was a legitimate objection to the place of examination set forth in the notice, he should not have taken it upon himself to decide that matter but should have moved for a protective order. As the court said in connection with a notice involving discovery and inspection (Coffey v. Orbachs, Inc., supra, p. 319), one who elects to ignore a notice “ does so at his peril
*326 The papers make it clear, however, that while the attitude of the attorney for the defendant was deliberate, it was done in apparent good faith. The defendant is a widow with four children “ ranging in age from 4 to 11 years ” who is employed and works five days a week. Under the circumstances, I am not disposed to prevent her from having her day in court by directing judgment against her by reason of her failure to appear to be examined before trial.
The moving papers, in addition to asking that the defendant’s answer be struck, also request “ $20 costs of this motion, $20 for stenographic attendance fee charged to the plaintiff on April 18, 1966, and $300 counsel fee of plaintiff’s attorney for being required to make this motion”. There is no statutory warrant for allowing attorneys’ fees on a motion of this character. It appears that when originally drafted by the Advisory Committee, the proposed CPLR contained a provision for the allowance of attorneys’ fees but that provision was eliminated when the final draft was adopted. (5 N. Y. Advisory Committee on Prac. and Pro. A-440 [1961]; 1 N. Y. Advisory Committee on Prac. and Pro. 131-132 [1957]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3126.14.)
The motion of the plaintiff is, therefore, granted unless the defendant appears for and submits to an examination before trial at the office of the attorneys for the plaintiff on a date to be fixed in the order to be entered hereon which is to be settled on notice and in addition, at least two days prior to the date set for the examination, pays the attorneys for the plaintiff $20 to reimburse them for the amount paid to the outside stenographer who was in attendance to take the examination of the defendant if she had appeared.