Jack Stanislaw, J.
Defendant objects to this motion for leave to serve a supplemental complaint because of improper notice of the application given him {-CPLR 2214, subd. [b]; 2103, subd. [b], par. 2). He had 10 and not 11 days’ notice, borne out by the affidavit of service and return date of the motion.
Failure to give notice of at least the number of days specified has been repeatedly classified as a jurisdictional defect depriving a court of any ability to consider the substance of a motion so served (Miot v. Jo Carl Realty Corp., 19 A D 2d 889, mod. 20 A D 2d 664; Doran Lbr. Corp. v. James Talcott, Inc., 19 A D 2d 791; Thrasher v. United States Liab. Ins. Co., 45 Misc 2d 681; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2214.02).
This rationale is not easily appreciated since the defect may be waived by opposition on the merits (Todd v. Gull Contr. Co., 22 A D 2d 904), or even avoided altogether by the procedural device of an order to show cause. Even an oral motion, made upon no notice at all, has been accepted, considered, determined and affirmed (Matter of Shanty Hollow Corp. v. Poladian, 23 A D 2d 132, affd. 17 N Y 2d 536). It should be noted, however, that this oral motion (on the Shanty Hollow case) was directed to a question of jurisdiction. Yet the fact remains that the Court of Appeals ratified the efficacy of a motion first raised orally to the extent of treating its ultimate disposition.
In other words, and we think despite the fact that the motion in Shanty Hollow was itself raised to a jurisdictional question, it was nevertheless actually treated as a motion notwithstanding a complete absence of notice thereof. Although numerical authority is to the contrary the lonesome, more recent highest precedent seems to indicate a defect in the notice of motion as to timeliness as something other than jurisdictional. This reasoning leads us to consider the defendant’s objection here as addressed to a procedural irregularity, which may be disregarded absent prejudice to the defendant. The motion is granted.