Lawrence H. Cooke, J.
In this action to recover personal injuries and damages allegedly arising from an attack by defendant ’s dog, defendant moves “ for an order precluding the plaintiffs from giving evidence at the trial of this action of items ‘ 1 ’, ‘ 2 ’, ‘ 3 V 7 ’, ‘ 8 ’, ‘ 9 ’ and ‘ 10 ’, or in the alternative direct — the plaintiffs to serve upon the defendant’s attorneys a fur *558 ther bill of particulars, answering said items.” Plaintiffs cross-move: (1) “ to dismiss the motion as not timely ”; (2) “ for an order directing the examination before trial of the defendant by a member of the family or household having personal knowledge of the facts concerning the issues raised by the pleadings ” and; (3) “delaying any motion with respect to the bill of particulars pending such an examination before trial.”
CPLR 2214 (subd. [b]) requires service of a notice of motion and the supporting affidavits at least 8 days before the time at which the motion is noticed to be heard and CPLR 2103 (subd. [b], par. 2) requires that an additional 3 days be added where the service is by mail, so that, if service thereof is by mail, they are to be mailed at least 11 days before the return date.
While it has been held that the failure to serve a notice of motion and the supporting affidavits for at least the statutory time in advance of the return date is a jurisdictional defect prohibiting the court from considering the substance of the motion (Matter of Beck v. Goodday, 24 A D 2d 1016; Miot v. JoCarl Realty Corp., 19 A D 2d 889, mod. 20 A D 2d 664; Morabito v. Champion Swimming Pool Corp., 18 A D 2d 706, 707; Thrasher v. UnitedStates Liab. Ins. Co., 45 Misc 2d 681; cf. Irish Propane Corp. v. Burnwell Gas Distrs., 25 A D 2d 616; Doran Lbr. Corp. v. James Talcott, Inc., 19 A D 2d 791), it should be treated as a procedural irregularity which is deemed waived unless objection is raised thereto or one which may be disregarded if a substantial right of a party is not prejudiced. (Matter of Shanty Hollow Corp. v. Poladian, 23 A D 2d 132 [3d. Dept.], affd. 17 N Y 2d 536; Baciagalupo v. Baciagalupo, 53 Misc 2d 13; 40 St. John’s L. Rev. p. 148.) This is in keeping with the philosophy underlying the CPLR, that procedural rules should be primarily a means to the end of securing the just resolution of controversies on the merits and at a minimum of expense and delay and with a de-emphasis on nonprejudicial procedural defects (CPLR 104, 2001; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2001.01). To hold an untimely notice of motion as a jurisdictional defect would be unduly harsh in view of the fact that a show cause order might be obtained reducing the period of notice (CPLR 2214, subd. [d]) or that the defect might be waived by opposition on the merits (Todd v. Gull Contr. Co., 22 A D 2d 904). Here, the defect or irregularity should be disregarded since no substantial right of plaintiffs has been prejudiced, it appearing among other things that the motion was returnable originally on September 22, 1967 and thereafter adjourned to a Special Term held on October 13,1967..
*559 There are limitations as to the persons who may be compelled to appear and give testimony upon a deposition, said persons falling into two basic categories: (1) a party or a present officer, director, member, agent or employee of a party, or a person who previously possessed a cause of action or defense asserted in the action; and (2) a witness (CPLR 3101, subd. [a]; Wachtell, New York Practice Under the CPLR, pp. 229-230). In general, depositions may be freely taken from a party (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars, 3101.22, 3101.23). In the case of an ordinary witness, a deposition may be taken only upon a showing that he is in a position to furnish material and necessary testimony and, in addition, that the witness (1) is about to depart from the State, or (2) is outside the State, or (3) resides more than 100 miles from the place of trial, or (4) is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial; or (5) if, the court on motion, determines that there are adequate special circumstances (Carmody-Porkosch, New York Practice [8th ed.], § 624). Although defendant may be examined as a party, he is not a corporation nor is there other authority to permit him to be examined “ by a member of the family or household having personal knowledge of the facts.” Nor has there been a showing that would justify a deposition by such an unspecified family or household member as a witness.
Although defendant’s demand for a bill of particulars was served prior to plaintiffs’ notice to take a deposition, plaintiffs contend that they are entitled to conduct the examination first. In the Third Department it is not necessary that a bill of particulars be furnished in response to an outstanding demand before the examination before trial is held (Klebs v. Rockland Light & Power Co., 277 App. Div. 954; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3106.06). If it appears that the party requested to serve the bill is ignorant of the facts and that all or a substantial portion of the information sought is within the knowledge of the party seeking the bill, the court may permit disclosure first to enable the preparation of the bill (Matter of Steinberg, 19 A D 2d 788; Matter of Reis, 48 Misc 2d 330; Cornell v. Mor-Nell Development Corp., 43 Misc 2d 1086; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.07). Although the papers submitted could be more informative, it is reasonable to conclude from the tender age of the infant plaintiff and the nature of the particulars sought that a substantial portion of the information sought is within the knowledge of defendant.
*560 Here, the demand consists of 10 items and the bill as served contains 5 items which do not refer to those of the demand. In furnishing the particulars requested, a bill should follow the designation of the items set forth in the demand and each item of the demand must be answered separately and categorically under its own number and subdivision (Marci v. St. Agnes Cemetery, 44 Misc 2d 702, 704; Desimone v. Robertson, 19 Misc 2d 80, 82; Matter of Heller, 205 Misc. 516; Nassau Suffolk Lbr. & Supply Corp. v. Feldman, 125 N. Y. S. 2d 27, 29; Roden v. Bond Stores, 80 N. Y. S. 2d 88).
Although some of the items in the demand might be considered improper, plaintiffs have not moved to vacate or modify the demand (see 3 Weinstein-Korn-Miller, N. Y. Prac., par. 3042.04; cf. Helfant v. Rappaport, 14 A D 2d 764); nor have they, in the papers submitted here, specified the items they deem objectionable (cf. Cornell v. Mor-Nell Development Corp., 43 Misc 2d 1086, 1089; Weisner v. Weisner, 33 Misc 2d 1078, 1079).
Submit order, on notice of two days,. (1) directing the taking of the testimony of defendant as to all relevant facts and circumstances in connection with the occurrence in question at a specified time and place and (2) directing that plaintiffs serve a further bill of particulars in compliance with the demand, which bill is to follow the designation of the items set forth in the demand, within 30 days after completion of the examination of defendant before trial. Except as so indicated the motions are denied.