OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant has moved for preclusion predicated upon defendants’ failure to comply with a demand for a bill of particulars of three affirmative defenses set forth in the answer. Defendants have opposed the motion contending that a bill of particulars of affirmative defenses is not obtainable in the Court of Claims by way of a mere demand, but rather that a formal motion is a necessary prerequisite thereto.
The defendants have raised a novel question. Its resolution involves a determination as to (1) whether, insofar as is here relevant, there is any distinction between the adjective law of the Supreme Court and that of the Court of Claims; and (2) whether a bill of particulars is sufficiently similar to a disclosure device to bring it within CPLR 3102 (subd [f]).
According to the leading study of this court "[i]n 1906, Section 265 of the Code of Civil Procedure was amended to provide that, except as otherwise prescribed, Court of Claims *58 practice should conform to that in the supreme court.” (McNamara, The Court of Claims: Its Development and Present Role in the Unified Court System, 40 St John’s L Rev 1, 8.) This rule has continued up until the present time and is now found in substantially the same form in subdivision 9 of section 9 of the Court of Claims Act.
The defendants contend that a demand for a bill of particulars is a disclosure device and is therefore governed by CPLR article 31. CPLR 3102 (subd [f]) provides that disclosure by the State may be obtained only by an order. This implies that in such instances a formal motion is necessary. However, CPLR 3102 (subd [a]) defines disclosure devices, but nowhere mentions a demand for a bill of particulars.
The reason for this omission is clear. Such a demand is intended to serve as an amplification of the pleadings, and not as a method for obtaining evidence. (Belott v State of New York, 40 AD2d 729; Holland v Baker, 30 AD2d 136.)
Thus, bills of particulars are governed by and the practice with respect thereto is found in article 30. The procedure in the Supreme Court is prescribed by CPLR 3042 which provides in relevant part that a bill may be obtained by serving a written notice stating the items concerning which particulars are desired, or alternatively, by way of formal motion. The commentary to that rule demonstrates that the notice procedure is clearly the more desirable of the two methods. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3042:4, pp 683-684.)
Counsel for the defendants has cited no authority by way of statute, rule or decision which might suggest that the procedure for obtaining a bill of particulars in the Court of Claims differs from that outlined above, or that there is a difference in procedure where the particulars are sought concerning affirmative defenses. (Cf. Solomon v Travelers Fire Ins. Co., 5 AD2d 1017, rearg den 6 AD2d 802; Weisner v Weisner, 33 Misc 2d 1078.) In fact, the rules of this court quite clearly sanction bills of particulars upon demand, providing that: "[i]n every case where a demand for a verified bill of particulars is made, the original demand and the original verified bill of particulars shall be filed in the clerk’s office with proof of service.” (22 NYCRR 1200.18.)
Accordingly, claimant’s motion for preclusion is granted pursuant to the terms of the order entered herewith.