OPINION OF THE COURT
Thomas F. McGowan, J.
Petitioner moves by order to show cause for an order directing, inter alia, that respondent pay petitioner’s attorney’s fee for the bringing of this proceeding. The court holds that an award of counsel fees is warranted under the circumstances herein.
Petitioner had claimed no-fault benefits under a policy issued by respondent after she had allegedly been injured while driving an automobile owned by her husband, respondent’s named insured. Petitioner’s claim was denied by respondent, and the reason given for such denial was that a "recent medical report indicated patient has recovered from injuries incurred in accident * * * no further medical treatment is necessary.”
*171 Thereupon, petitioner sought to obtain a copy of the medical report which formed the basis for this denial. Respondent refused to supply the report, even upon written request by petitioner’s attorney. It was not until the order to show cause herein was served on it that respondent attempted to offer the report to petitioner’s attorney. Having already commenced this action, counsel was unwilling to accept this offer.
Upon oral argument of this motion, however, the report was supplied to petitioner, leaving the appropriateness of an award of counsel fees as the only issue to be resolved on this motion.
Respondent gives no legal justification for its failure to immediately supply petitioner with the medical report referred to in the denial of claim form. Upon oral argument the only explanation given for respondent’s failure to make the report available to petitioner was that the matter had been handled by a young, inexperienced adjuster and that once served with the order to show cause, respondent made no further attempt to deny the report to petitioner.
The purpose of the no-fault legislation in this State is to encourage expeditious resolution of claims without the necessity of imposing an additional burden on the courts (Montgomery v Daniels, 38 NY2d 41). Further, resorting to the courts, especially where such is deemed not to have been necessary, is looked upon with disfavor (Musolino v American Consumer Ins. Co., 51 AD2d 1036).
Respondent apparently does not dispute that an award of counsel fees may be appropriate under the circumstances. Respondent does take the position, however, that if such award is to be made, it should properly be made by arbitrator as part of his award. This court does not agree.
The Legislature has provided as part of the statutory scheme implementing the no-fault system in this State that an award of attorney’s fees be available as a remedy in arbitration where the insurer does not act in a timely fashion. (See, e.g., Insurance Law, § 675, subd 1.) In addition, the court is empowered to fashion appropriate penalties "as are just”, where a party refuses to disclose what ought to have been disclosed (CPLR 3126). While not specifically enumerated in the statute, an award of counsel fees has been found to be such a just penalty (Di Bartolo v American & Foreign Ins. Co., 48 Misc 2d 843, affd 26 AD2d 992; Nomako v Ashton, 22 AD2d 683; Warner v Bumgarner, 49 Misc 2d 488).
*172 This matter is before the court at this juncture only because of respondent’s reluctance to permit discovery. Consequently, the court does not find particularly persuasive respondent’s argument that Special Term is not the appropriate forum for fully resolving the issues before it.
This proceeding is not one to compel payment under the provisions of the Insurance Law but rather one brought pursuant to CPLR 3126 for respondent’s failure to disclose. Thus, respondent’s reliance on the procedures set forth in the Insurance Law is misplaced. Furthermore, now having had an opportunity to examine the doctor’s report, petitioner may well find it no longer necessary to proceed to arbitration concerning payment of benefits; yet respondent would require that the arbitration be had, if only to determine the question of attorney’s fees. Finally, respondent proposes that the arbitrator set a fee for a matter which the court heard and decided. Clearly this would involve even greater delay and inefficiency.
Accordingly, the court grants petitioner’s motion for attorney’s fees in the requested amount of $500, respondent not having raised any question or objection regarding the reasonability of such amount.