In the Matter of ROBERT E. BROWN et al., Appellants, v FRANK D. CASIER et al., Constituting the Board of Trustees of North Country Community College, et al., Respondents.

Third Department, October 27, 1983

APPEARANCES OF COUNSEL

*Robert D. Clearfield* (*Harold G. Beyer, Jr.,* of counsel), for appellants.

*Sargent & Repka, P. C. (Richard H. Wyssling* of counsel), for respondents.

OPINION OF THE COURT

CASEY, J.

At issue first in this appeal is whether Special Term erred in finding that the claims asserted by petitioners in this CPLR article 78 proceeding to annul respondents' resolutions eliminating certain faculty positions at North Country Community College fall within the scope of the grievance procedure contained in the collective bargaining agreement between petitioner faculty association and respondent board of trustees of the college.

By resolutions dated February 18, 1982 and March 1, 1982, respondent board of trustees eliminated five faculty positions pursuant to a retrenchment policy necessitated by 1982-83 budgetary considerations. The individual petitioners are 4 of the 5 tenured employees who were dismissed. They, together with the faculty association, commenced the instant article 78 proceeding to annul the resolutions upon the grounds that the board of trustees had violated the procedural requirements of the community college's policy handbook, the rules and regulations of the State university applicable to community colleges and the Open Meetings Law (Public Officers Law, art 7), and that the board's determinations were arbitrary and capricious and constituted an abuse of discretion.

The collective bargaining agreement between the faculty association and the board of trustees contains a grievance procedure applicable to disputes "based upon a claimed violation, misinterpretation, misapplication or inequitable application of any clause of this contract". The contract also contains a clause entitled "Retrenchment Policy" which sets forth, in broad terms, the procedures to be followed in the event that retrenchment of personnel becomes necessary. Respondents have alleged that these procedures were followed in retrenching the positions at issue.

Petitioners contend that their claims are based upon irregularities unrelated to the contract and that, therefore, the grievance procedure is inapplicable. However, at the

heart of petitioners' claims concerning the procedures followed by respondents in reaching the decision to retrench is petitioners' dissatisfaction with the manner in which respondents applied the policy and procedures contained in the retrenchment clause of the contract. In essence, most of petitioners' claims are nothing more than assertions that respondents' application or misapplication of the contractual policy and procedure violated other procedural requirements. Under such circumstances, the grievance procedure is applicable (see *Di Lorenzo v Carey,* 62 AD2d 583, app dsmd 45 NY2d 832, cert den *sub nom. Farrell v Carey,* 440 US 914), and, therefore, the bulk of petitioners' claims were properly dismissed for failure to exhaust administrative remedies.

■ Insofar as petitioners' claim based upon the Open Meetings Law is concerned, however, we reach a contrary result, for that claim arises solely out of alleged procedural irregularities in the passage of the resolutions themselves, without regard to the actual content or subject matter of the resolutions. Simply put, whether the resolutions were passed at public meetings held in violation of the notice requirements of the Open Meetings Law (Public Officers Law, § 99, subd 1) and, if so, what the remedy should be (Public Officers Law, § 102, subd 1), along with the question of whether petitioners are "aggrieved persons" (Public Officers Law, § 102, subd 1), are issues totally unrelated to the contract and, therefore, are outside the scope of the grievance provisions. Accordingly, petitioners' claim based upon an alleged violation of the Open Meetings Law should not have been dismissed for failure to exhaust administrative remedies.

■ Having so concluded, we turn now to an issue upon which Special Term did not pass. The notice of petition and petition herein were served upon respondents less than 20 days prior to the return date and respondents' motion to dismiss was based, alternatively, on petitioners' failure to comply with CPLR 7804 (subd [c]). We have previously held such a defect to be jurisdictional, requiring dismissal of the proceeding unless waived (*Matter of Ready-Mix & Supply Corp. v State Tax Comm.,* 63 AD2d 1044; *Matter of Blanchfield v Town of Halfmoon,* 46 AD2d 930; see, also,

*Matter of Trivedi v State Bd. of Law Examiners,* 86 AD2d 719), but further analysis compels us to abandon such a rigid rule. Neither our cases nor the case relied upon by this court in adopting the rule (*Matter of Dickerson v Jensen,* 33 AD2d 890) explain the basis for concluding that the defect is jurisdictional, other than to note that the 20-day notice requirement is a clear mandate of the statute. That the Legislature did not intend the 20-day notice requirement to be inflexible is readily apparent from its provision for shorter notice by order to show cause (CPLR 7804, subd [c]). Moreover, due process requirements are satisfied as long as respondents received notice reasonably calculated, under all the circumstances, to apprise them of the proceeding and afford them an opportunity to defend (see *Silverstein v Minkin,* 49 NY2d 260). Accordingly, where, as here, respondents are properly served with the petition and notice of petition, the better rule, and the one which we now adopt, treats a return date which does not meet the 20-day requirement of CPLR 7804 (subd [c]) as a defect or irregularity which, pursuant to CPLR 2001, shall be disregarded in the absence of substantial prejudice to a party (*Matter of Szklowin v Planning Bd.,* 115 Misc 2d 1045; see, also, *Matter of Bloeth v Marks,* 20 AD2d 372, 374, mot for lv to app den 15 NY2d 481). Such a rule is favored by the commentators (see Siegel, New York Practice, § 567, p 795) and, more importantly, is in keeping with the legislative requirement that the CPLR be "liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding" (CPLR 104). Such a rule is also consistent with the treatment in this department of the eight-day notice of motion requirement of CPLR 2214 (subd [b]) (see *Coonradt v Walco,* 55 Misc 2d 557 [COOKE, J.]) and the similar notice requirements in some administrative disciplinary proceedings (see *Matter of Rustine v Patterson,* 82 AD2d 969, 970).

Turning to the circumstances of the case at bar, the notice of petition and petition were properly served on respondents 16 days prior to the return date. The matter was adjourned and not heard by Special Term until nearly one month after the original return date. Respondents have alleged no prejudice arising out of petitioners' failure

to give the required 20 days' notice and, under these circumstances, none can be inferred. Accordingly, the defect should be disregarded.

The judgment should be modified, on the law, by reversing so much thereof as dismissed that portion of the petition denominated the sixth cause of action, and, as so modified, affirmed, without costs.

SWEENEY, J. P., KANE, WEISS and LEVINE, JJ., concur.

Judgment modified, on the law, by reversing so much thereof as dismissed that portion of the petition denominated the sixth cause of action, and, as so modified, affirmed, without costs.