■ NATIONAL MICROTECH, INC., Respondent, v SATELLITE VIDEO SERVICES, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered February 24, 1984 in Greene County, which, *inter alia*, denied defendants' motion to vacate a default judgment against them.

In this breach of contract and breach of warranty action, plaintiff moved for a default judgment after it refused to accept defendants' answer and counterclaims on the grounds that they

were untimely and not verified as required. Defendants cross-moved to strike plaintiff's motion for a default judgment on the ground that they were provided with inadequate notice of plaintiff's motion and also to compel plaintiff to accept their answer and counterclaims. Defendants' cross motion was denied and plaintiff's motion was granted with a default judgment thereafter entered. Defendants then moved to vacate the default judgment, again claiming that they had received insufficient notice of plaintiff's motion for a default judgment. Special Term denied this motion, concluding that defendants received adequate notice and also that defendants failed to submit an affidavit of merits in support of their motion. From the order entered thereon, defendants appeal.

The record reveals that defendants were provided with, at most, eight days' notice of plaintiff's motion for a default judgment, although defendants were entitled to at least five days' notice under CPLR 3215 (subd [f], par 1) (see Siegel, NY Prac, § 296, p 351), plus an additional five days' notice because plaintiff's service of the notice of motion was by mail and on defendants' attorney (see CPLR 2103, subd [b], par 2; see, also, 2A Weinstein-Korn-Miller, NY Civ Prac, par 2214.02). Thus, defendants were entitled to at least 10 days' notice and plaintiff's notice of motion was deficient in this regard.

This court, in related situations, has determined that various untimely notices are not jurisdictional defects which would require dismissal of the action unless waived (see *Matter of Brown v Casier,* 95 AD2d 574, 576-577; see, also, *Coonradt v Walco,* 55 Misc 2d 557, 558). Rather, we have seen fit to consider the untimely notice as an irregularity which should be disregarded unless there is substantial prejudice to a party (see *Matter of Brown v Casier, supra;* see, also, *Coonradt v Walco, supra*).

In this case, defendants seem to be claiming substantial prejudice because they were unable to file a timely response to plaintiff's motion for a default judgment. The record shows however, that defendants had eight days to prepare to defend against plaintiff's motion and, in fact, had prepared a response by the return date. Indeed, the response was mailed by defendants' attorneys the day before the return date and was delivered to the courthouse on the return date. Defendants, however, never sought an adjournment of the motion and their failure to appear on the return date, despite defense counsel having over a week to arrange his schedule to enable him to appear before Special Term, if only to request an adjournment, is unacceptable. It appears to us that, inasmuch as defendants had prepared

a response by the return date, defendants were not prejudiced by plaintiff's failure to provide timely notice. In the absence of substantial prejudice caused by plaintiff's failure to give adequate notice, defendants' motion to vacate the default judgment was properly denied.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.