OPINION OF THE COURT
Herbert Kramer, J.
This is a motion to dismiss plaintiff’s action for constructive *215 discharge upon the ground that the three-year Statute of Limitations has run and for various pleading deficiencies.
Plaintiff was hired by the Environmental Defense Fund as an accounting clerk in June of 1987. In February of 1988, she was promoted to senior bookkeeper. On June 5, 1992, plaintiff was called into the office of defendant Wycisk and informed by him that she had the option of resigning with severance pay and benefits or being placed on probation for 60 days. In July of 1992, plaintiff was promoted to the position of accountant.
On or about July 29, 1992, plaintiff became disabled and was unable to work, and filed a workers’ compensation claim. The Workers’ Compensation Board found that plaintiff had suffered "an adjustment disorder with anxiety and depressive features causally related to her employment”.
On February 1, 1993, plaintiff was advised that she was no longer completely disabled from work. Plaintiff resigned her position effective February 9, 1993 and alleges that she did so in order to preserve her health, sanity and well-being in the face of what was an unchanged and hostile work environment.
Plaintiff filed her complaint on January 30, 1996. In the verified complaint plaintiff alleged that she was subjected to "a hostile and unhealthy work environment as a result of the activities and omission of Mr. Khanh Vo, one of her supervisors at EDF * * * who repeatedly stated to plaintiff that 'Asians are better workers’ and that plaintiff had to choose 'between her job and her family’. Additionally, Mr. Vo failed to provide adequate support services to plaintiff in the form of an assistant, required her to work overtime without compensation, failed to recommend her for salary increases even though she deserved same, generated unnecessary interpersonal conflict, personally baited her with offensive ethnic and gender comments, unjustifiably demoted her from the position of accountant to' that of accounting clerk, sought to have plaintiff placed upon probation without just cause, placed or caused to have placed plaintiff’s work area in an undignified area next to a kitchen, took actions inconsistent with the work and spirit of the employee manual and took other action designed to harass or annoy plaintiff without just cause or reason.”
The defendant contends that the three-year Statute of Limitations has run because the cause of action in plaintiff’s employment discrimination — constructive discharge claim accrued on July 29, 1993 when the last of the discriminatory acts complained of could have taken place.
"A discrimination claim accrues when the plaintiff 'knows or has reason to know’ of the injury that constitutes the basis of *216 the action.” (Equal Empl. Opportunity Commn. v New York City Health & Hosps. Corp., 1994 WL 68420, 2 [SD NY, Mar. 2, 1994, Duffy, JJ, citing Morse v University of Vt., 973 F2d 122, 125 [2d Cir 1992].)*
Thus, the United States Supreme Court has held that the accrual date is based upon " 'the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.’ ” (Delaware State Coll, v Ricks, 449 US 250, 258.) In a later case the Supreme Court held that the statute began to run when respondents "received their letters, that a final decision had been made to terminate their appointments”, rather than on the date their employment terminated. (Chardon v Fernandez, 454 US 6, 8 [1981].) The Court reasoned that " '[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.’ ” (Chardon v Fernandez, supra.)
As one Federal Judge correctly observed, a claim of constructive discharge does not "fit neatly into the Ricks framework because it is difficult to determine when the plaintiff had definite notice of the discriminatory termination.” (Equal Empl. Opportunity Commn. v New York City Health & Hosps. Corp., supra, at 3.)
Thus, a number of cases have used the date of official resignation as the accrual date (e.g., Armington v School Dist., 767 F Supp 661, 666 [ED Pa], affd 941 F2d 1200 [3d Cir 1991]; Wilson v Reno County, 1990 WL 260533, 4 [D Kan, Dec. 19, 1990, Theis, JJ; Eure v United States Postal Serv., 711 F Supp 1365, 1372 [SD Miss 1989]). "Using the resignation date as the date on which the cause of action accrues makes sense because in a constructive discharge case, an employee’s resignation is treated as if the employer had actually discharged the employee * * * [and] is particularly helpful in cases where the date on which plaintiff received definite notice of the termination is not altogether clear.” (Equal Empl. Opportunity Commn. v New York City Health & Hosps. Corp., supra, at 3.)
Under the facts of the case at bar, the date of resignation is a fair and objective method for determining when the plaintiff had definite notice of the termination since plaintiff’s intervening disability leave makes it impossible to set a more precise *217 date of definite notice. Thus, the plaintiff’s cause of action for constructive discharge is not time barred.
Defendant correctly contends that the language in the complaint does not sufficiently demonstrate that the defendant deliberately and intentionally forced plaintiff to resign. However, the information provided in the exhibits annexed to plaintiff’s responding papers satisfies this court that such allegation has an adequate foundation. Thus plaintiff will be accorded an opportunity to replead her cause of action for constructive discharge to allege that her "employer deliberately made her working conditions so intolerable as to force her resignation”. (Espaillat v Breli Originals, 227 AD2d 266, 268.)
Accordingly, defendant’s motion to dismiss the first cause of action which alleges a constructive discharge is granted unless plaintiff within 45 days of this date files an amended pleading in accordance with this decision. The second cause of action alleging the negligent infliction of mental distress is dismissed as barred by the Workers’ Compensation Law.

 The majority of the cases that address the issue are Federal cases. Indeed, New York State courts have turned for guidance in this area to Federal case law perhaps because New York does not recognize a claim for wrongful discharge absent a legal restriction upon the employer’s ability to fire at will. (See, Kripke v Benedictine Hasp., 169 Misc 2d 98 [Sup Ct, Ulster County 1996]; see, Ioele v Alden Press, 145 AD2d 29 [1st Dept 1989].)