■ Yasmin Williams, Respondent, v Environmental Defense Fund, Appellant, et al., Defendants. [668 NYS2d 240] —In an action, *inter alia*, to recover damages for unlawful

discrimination, the defendant Environmental Defense Fund appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 10, 1996, as denied that branch of its motion which was to dismiss as time-barred the cause of action to recover damages for constructive discharge.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss as time-barred the cause of action to recover damages for constructive discharge is granted, and that cause of action is dismissed.

The plaintiff was employed by the defendant Environmental Defense Fund (hereinafter EDF) in June 1987 and held a variety of accounting positions. On June 5, 1992, the plaintiff was given the choice to resign or to be placed on probation for 60 days. The plaintiff chose not to resign. On July 29, 1992, the plaintiff became disabled, allegedly due to the stress of being harassed on the job, and went on disability leave. After the plaintiff was advised on February 1, 1993, that she was no longer disabled, she resigned her position on February 9, 1993, without returning to work.

The plaintiff commenced the instant action on January 30, 1996, asserting, *inter alia,* that she was constructively discharged, that EDF engaged in unlawful discriminatory practices, and that EDF permitted a hostile work environment. EDF moved to dismiss the complaint on the ground that it was barred by the three-year Statute of Limitations.

The plaintiff's cause of action to recover damages for constructive discharge accrued on July 29, 1992, the date the plaintiff began her disability leave, rather than on the date of the plaintiff's resignation, as found by the Supreme Court. Accordingly, the plaintiff's constructive discharge cause of action is time-barred (*see, Delaware St. Coll. v Ricks*, 449 US 250; *Economu v Borg-Warner Corp.*, 829 F2d 311). O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur. [*See*, 170 Misc 2d 214.]