■ Bruce M. Meisel, Appellant, v Fanny Grunberg, Respondent. [743 NYS2d 271] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 14, 2000, which, in an action for a partnership accounting and related relief, inter alia, denied plaintiff's motion to amend the complaint so as to seek a declaration that upon the death of defendant's husband his partnership interest passed equally to plaintiff and defendant, the two surviving partners, and not to his estate and then to defendant alone, and referred settlement of defendant's accounting to a Special Referee, unanimously affirmed, with costs. Order, same court (Sheila Abdus-Salaam, J.), entered on or about August 14, 2001, which confirmed the Special Referee's report and dismissed the complaint, unanimously affirmed, with costs.

Plaintiff's motion to amend the complaint was properly denied because of his inordinate delay in seeking such relief (*see, Napoli v Canada Dry Bottling Co.*, 166 AD2d 696; *Williams v New York Univ. Hosp.*, 88 AD2d 540). In any event, the proposed amendment lacks merit (*see, Dame v Williams*, 285 AD2d 928, 929, citing Partnership Law §§ 52, 53 [1]). The accounting prepared by defendant was sufficiently in accord with prior orders to warrant its acceptance (*see*, 225 AD2d 495). Assuming the Special Referee's decision did not have to be confirmed, as plaintiff argues, the confirmation was of no consequence since the court reached the same conclusions as the Special Referee. Both the Special Referee and the court found that defendant rendered a complete accounting and that there was no evidence of any waste, fraud or other impropriety. Given those findings, the complaint, which rested solely on allegations of waste and self-dealing, was properly dismissed. We have considered and rejected plaintiff's other arguments. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.