■ NANCY J. CLARK, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 1.) [754 NYS2d 814] —Appeal from an order of Supreme Court, Oneida County (Grow, J.), entered June 23, 1999, which denied plaintiff's motion for leave to amend the complaint.

■ NANCY J. CLARK, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 2.) [753 NYS2d 798] —Appeal from an order of Supreme Court, Oneida County (Grow, J.), entered March 15, 2001, which granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part defendant's motion and reinstating the claims for sexual harassment, hostile work environment and retaliation in violation of the Human Rights Law and as modified the order is affirmed without costs.

Memorandum: Plaintiff was hired by defendant as a State

Trooper in 1982. On October 4, 1985, plaintiff submitted a letter of resignation to be effective October 7, 1985 and took a three-day sick leave. On October 5, 1988, plaintiff served a verified complaint asserting two causes of action based on alleged acts of sexual discrimination committed by employees of defendant. Defendant responded with an unverified answer and asserted various defenses, including an affirmative defense that the action was time-barred. Plaintiff thereafter served a verified bill of particulars outlining the alleged course of conduct of sexual discrimination throughout her employment. The last allegation of discrimination contained in the bill of particulars provided that, "[o]n or about October 5, 1985, plaintiff was further harassed" when she was observed talking with another Trooper while she was on sick leave and when that Trooper was thereafter ordered to document that communication in a memorandum. The Trooper's memorandum was submitted to defendant on October 8, 1985.

In January 1999 plaintiff moved for leave to amend the complaint to add allegations of discriminatory conduct occurring in 1990. Contrary to plaintiff's contention in appeal No. 1, Supreme Court properly denied that motion based on plaintiff's unexplained and inordinate delay in bringing the motion and the prejudice to defendant caused by that delay resulting from, inter alia, the fact that the principal witness to the event had left defendant's employment and relocated to a different state (*see e.g. Meisel v Grunberg*, 295 AD2d 153; *Evans v Kringstein*, 193 AD2d 714; *Napoli v Canada Dry Bottling Co. of N.Y.*, 166 AD2d 696, 697). Additionally, the memories of witnesses " 'unavoidably diminish over time,' [and thus,] the longer the delay * * *, the more it stands to reason that the opposing party will be prejudiced" (*Parese v Shankman*, 300 AD2d 1027, 1028, quoting *Evans*, 193 AD2d at 715; *see also Krantz v Scholtz*, 201 AD2d 784, 785, *lv dismissed* 83 NY2d 902).

Plaintiff contends with respect to the order in appeal No. 2 that the court erred in dismissing the complaint as time-barred. We note at the outset that plaintiff contends that defendant's motion should have been denied on the ground that it was not accompanied by a notice of motion. Defendant did not serve a notice of motion and instead, by letter dated October 17, 2000, asked the court "to accept this letter as a statement of its position regarding its statute of limitations defense, which defendant will reiterate and ask the Court to address and determine at the commencement of trial." The court treated that request as a motion but did not expressly state whether it was a motion pursuant to CPLR 3211 (a) (5) or CPLR 3212. Defendant

asserted in support thereof that the three-year statute of limitations (*see* 214 [2]) began to run on October 4, 1985 when plaintiff submitted her resignation and thus that the action, commenced on October 5, 1988, was time-barred. Procedural defects in the filing of a motion "should be disregarded unless there is substantial prejudice to a party" (*National Microtech v Satellite Video Servs.*, 107 AD2d 860, 861, *lv dismissed* 64 NY2d 612, 65 NY2d 637; *see Coonradt v Walco,* 55 Misc 2d 557, 558), and here plaintiff has not established the requisite substantial prejudice. By opposing defendant's motion on the merits, plaintiff has waived her additional contention that the motion was untimely (*see Adler v Gordon*, 243 AD2d 365). Plaintiff also waived her contention that the answer was not verified and thus should be deemed a nullity; plaintiff failed to give notice of her objection to the lack of verification with "due diligence" (CPLR 3022; *see Matter of Kocur v Erie County Water Auth.*, 292 AD2d 858). Plaintiff further contends on appeal that the court should have treated defendant's motion as one for summary judgment. In response to the contention of defendant in its responding brief that the court in fact did so, plaintiff contends in her reply brief that neither she nor the court had so treated it. In light of the extensive submissions of both parties, we agree with defendant that the parties charted a summary judgment course (*cf. Mihlovan v Grozavu,* 72 NY2d 506, 508) and that the court in effect properly treated the motion as one for summary judgment.

With respect to the merits of defendant's motion, plaintiff conceded that the claims under title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) are time-barred, and we thus conclude that the court properly granted that part of defendant's motion seeking dismissal of those claims. We further conclude that the court properly granted that part of defendant's motion seeking dismissal of the claim for constructive discharge. That claim accrued when plaintiff tendered her resignation on October 4, 1985, not when her resignation became effective (*see Flaherty v Metromail Corp.*, 235 F3d 133, 138-139; *cf. Williams v Environmental Defense Fund*, 246 AD2d 644, 645). Thus, the statute of limitations on her claim for constructive discharge expired no later than October 4, 1988, the day before plaintiff served her complaint.

We conclude, however, that the court erred in granting those parts of defendant's motion seeking dismissal of the claims for sexual harassment, hostile work environment and retaliation in violation of the Human Rights Law (Executive Law art 15). In support of those claims, plaintiff alleged acts of discrimina-

tion that occurred after October 5, 1985, and in opposition to defendant's motion she contended that the acts of discrimination constituted a continuing violation that delayed commencement of the limitations period until the last discriminatory act (*see Cornwell v Robinson*, 23 F3d 694, 703-704). "[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice" (*id.* at 704). Here, plaintiff has raised an issue of fact whether the acts alleged to have occurred between October 5, 1985 and October 8, 1985 "demonstrated discriminatory conduct within the limitations period sufficiently similar to the conduct without the limitations period to justify the conclusion that both were part of a single discriminatory practice" (*Sier v Jacobs Persinger & Parker*, 276 AD2d 401, 401; *see Walsh v Covenant House*, 244 AD2d 214; *Penny v Winthrop-University Hosp.*, 883 F Supp 839, 845).

We therefore modify the order in appeal No. 2 by denying in part defendant's motion and reinstating the claims for sexual harassment, hostile work environment and retaliation in violation of the Human Rights Law. Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ. [*See* 186 Misc 2d 896.]