Matter of the Estate of WILLIAM L. MILDRUM, Deceased.

(Surrogate's Court, Westchester County, July, 1919.)

Wills — what not a mutual will — partnership articles — contracts.

A clause in partnership articles that in the event of the death of either partner the survivor shall take the interest and property of the deceased in the business, is not a mutual will, but the obligation of the survivor to carry out the terms rests on contract, and an application by the administrator of the deceased partner to reach property formerly a part of the partnership assets will be denied.

DISCOVERY proceeding brought by an administrator to discover certain property.

Joseph L. Zoetzl, for administrator.

Finn & Nolan, for Jennie E. Black.

SLATER, S.   This is a discovery proceeding brought by the administrator of the decedent in an attempt to discover certain property supposed to be in the possession of one Jennie E. Black, a former partner of the decedent.

Upon the hearing, articles of partnership agreement were introduced in evidence, extending over a period of years, indicating that the decedent and Jennie E. Black were copartners together under and by the name, style and firm of William L. Mildrum & Co., doing business in the city of Yonkers and elsewhere.   The last articles of agreement were dated the 30th day of July, 1915, to extend over a period of five years.   It states that each party thereto contributed $500 in cash to be used and employed in common between them for the support and management of said business.

In this proceeding we are called upon to construe the following clause of said agreement:

" Now, it is hereby stipulated and agreed to, by and between the said parties to this agreement, that in the event of death of either party hereto, then, in that event, all the rights, titles, interests and holdings of the copartner so deceased, in and belonging to the within business, shall in its *entirety* succeed to and belong and become the absolute property and interest of the surviving partner, with the full right to continue the business under the existing name, waiving, one to the other, any accounting, to the legal representative, or any other person, whomsoever, this stipulation being entered into between the parties, for the reason of making a final adjustment of their business relations, and settlement one to the other, and it is stipulated and agreed that the foregoing clause shall bind the representatives (legal), heirs,

Surrogate's Court, Westchester County, July, 1919.   [Vol. 108.

executors and administrators of the said parties to this agreement."

The clause provides that, upon the death of either, the survivor shall take the interest and property of the deceased in the business. Is this clause to be construed in the nature of a testamentary gift or in the nature of a contract? It appears to me that the clause in the partnership agreement is not a mutual will but that the obligation of the survivor to carry out the terms rests on contract. *Eisenlohr's Estate No. 2*, 258 Penn. 438.

I think the decision in this case may rest upon the opinion of Mr. Justice Kelly in the case of *Smith* v. *Furst*, decided in the second department in February of this year, 186 App. Div. 452. In that case, Sarah Furst died intestate. For many years prior to her death Sarah Furst and the plaintiff had lived together and been associated as partners in conducting and managing a boarding house. On or about July 1, 1913, the plaintiff and said Sarah Furst entered into a contract in writing wherein and whereby the said Sarah Furst promised that if she should predecease said plaintiff, all personal property, money in bank and real estate owned by her at that time should become the property of said plaintiff to be used for plaintiff's maintenance and comfort, and that upon said plaintiff's death, what should remain would be divided equally between the Smith and Furst families; and, upon her part and as consideration for said promise, the said plaintiff agreed that, if she should predecease said Sarah Furst, her property should in like manner become the property of said Sarah Furst and, upon Sarah Furst's death, be divided in like manner between the Smith and Furst families.

The partnership agreement in the instant case is established by clear and convincing testimony and

supported by adequate consideration, and should be sustained. *Rastetter* v. *Hoenninger,* 151 App. Div. 853; revd. on other grounds, 214 N. Y. 66; *Matter of Hermann,* 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Orvis,* 179 App. Div. 1; *Hermann* v. *Ludwig,* 186 id. 287.

I therefore conclude that the property in the hands of Jennie E. Black, formerly a part of the partnership of William L. Mildrum & Co., should not pass to the William L. Mildrum Estate but is possessed and owned by the said Jennie E. Black under the terms of the contract as set forth in the partnership agreement. The prayer of petitioner is denied.

Application denied.