## AMBROSE et al. v. UNITED STATES et al.

(District Court, W. D. New York. August 6, 1926.)

**1. Army and navy ⬤ 51½, New, vol. 12A Key-No. Series—Beneficiary named in certificate of war risk insurance held trustee for other beneficiaries informally designated by insured.**

A soldier, having two sisters and a brother, had his certificate of war risk insurance made payable to one of the sisters, but stated to all, both orally and by letters, that it was for convenience only, and that he desired them to share equally. He was killed, and the installments were paid to the beneficiary named. *Held*, the expressed wish of insured should govern and that the beneficiary named received the shares of her brother and sister in trust for them.

**2. Army and navy ⬤ 51½, New, vol. 12A Key-No. Series.**

Under War Risk Insurance Acts (Comp. St. § 514a et seq.), the intention of the soldier as to disposition of his insurance, clearly established, should govern.

**3. Army and navy ⬤ 51½, New, vol. 12A Key-No. Series—Letters and statements of soldier held admissible in suit to determine right to his war risk insurance.**

Conversations and letters between a soldier and his brother and sisters, relating to the disposition he desired made of his war risk insurance in case of his death, *held* admissible in evidence in a suit to determine rights therein.

**4. Army and navy ⬤ 51½, New, vol. 12A Key-No. Series.**

The United States is proper party defendant to suit to establish rights in soldier's war risk insurance, which the Bureau has denied.

In Equity. Suit by Gertrude Howard Ambrose and Lawrence A. Howard against the United States and Alice M. Smith. Decree for complainants.

Moot, Sprague, Brownell & Marcy, of Buffalo, N. Y. (Helen Z. M. Rodgers, of Buffalo, N. Y., of counsel), for plaintiffs.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., for the United States.

Desbecker, Fisk & Newcomb, of Buffalo, N. Y. (Walter C. Newcomb, of Buffalo, N. Y., of counsel), for defendant Smith.

HAZEL, District Judge. This action in equity was brought to recover on a war risk insurance policy issued to Raymond Joseph Howard, who entered the military service of the United States in October, 1917, and in November following he procured a certificate of insurance under the provisions of the War Risk Insurance Act for $10,000, payable in monthly installments of $57.50, upon his death, to his sister, Alice M. Howard, as beneficiary, who has since married

and is the defendant Alice M. Smith. Another sister, Gertrude, and a brother, Lawrence, who are plaintiffs herein, survive him. The insured soldier was killed in action on October 12, 1918. On April 18, 1919, the award under the policy was made and approved by the Secretary of the Treasury, and the installments of insurance paid to the designated beneficiary down to and including the installment due July, 1924, when the government stopped payments, owing to conflicting claims asserted between the designated beneficiary and plaintiffs.

This action was then brought to establish the rights of the adverse claimants to the unpaid installments and to the insurance benefits. Such an action against the United States is authorized by section 402 of the War Risk Insurance Act, as amended by Act Cong. June 25, 1918 (Comp. St. § 514uuu), and the issue presented is concededly of an equitable nature.

[1] The uncontradicted evidence supports the averment of the bill that, before taking out the insurance certificate, the soldier, in letters to his sisters, and subsequently in conversations with them, stated that he intended to insure under the provisions of the War Risk Insurance Act, and for convenience would designate Alice as beneficiary, with the understanding, however, that both his sisters and his brother, Lawrence, would share equally in its benefits in case of his death. It is proven that, in explaining why he intended to name Alice as beneficiary, he said he wished to avoid confusion that might arise from naming several relatives, but that, if anything happened to him, the insurance should be divided equally among all three. The designated beneficiary was present when this was said. In fact, the remark was addressed directly to her, and, although she was present in court, she made no denial thereof.

Following the death of the insured, the monthly installments, up to July, 1924, were paid to Alice, who divided the installments equally between herself, her sister, and her brother—at first apportioning the warrants after cashing them, and later by indorsing and delivering check for one month to her brother, then to her sister, and retaining a third month's installment for herself. In April, 1924, however, she kept the installment check which should have been indorsed over to Lawrence, and all subsequent installments were kept by her without apportionment, claiming that she had been advised to keep all the insurance, and she intended to do so. Plaintiffs protested, and made written demands for their respective shares, and later submitted claims and evidence of their right to participate in the benefits to the bureau, which declined to assent to a division of the warrants or participation in the benefits unless plaintiffs' rights were judicially established.

The government contends that section 402 of the act and regulations of the Bureau, specifically conferring upon an insured the right to change a beneficiary without the beneficiary's consent, became a material part of the contract of insurance, and that the government is bound to a strict compliance with its terms requiring payment to the designated beneficiary without giving recognition to conflicting claims, and in short that the contract cannot be changed or altered by parol or extrinsic evidence. An insurance policy, of course, is a contract between a soldier and the Bureau of War Risk Insurance, within the intendment of the act and regulations under which the policy was issued. If the insured had written the bureau of his desire to have his two sisters and his brother benefit by his insurance, there is no doubt that the installments would have been divided equally among them.

Does his failure to understand the requirements defeat his established intention—an intention explicitly stated in letters written by him to his sisters, and especially to the beneficiary on November 21st, wherein he says, after informing her that the policy was made payable to her as beneficiary: "We may as well look at this matter frankly. I would like it divided equally between you and Gertrude and Lawrence" —a direction that was repeated in subsequent conversations between them. The regulations relating to change of a beneficiary, no doubt, were adopted, not only to protect the insured, but also to enlarge his rights under the contract. Should not his letters to his sister Alice, the beneficiary, expressing his wish or direction for an equal division or apportionment to both sisters and brother, in fairness to him, be accepted as the equivalent of a written request to the bureau to include them as beneficiaries? In matters of the kind under consideration the soldier's real purpose and wish should control.

[2] In Claffy v. Forbes (D. C.) 280 F. 233, Judge Neterer said that it was not vital that the bureau should receive notice of the change of beneficiary before the death of the

insured, and that "throughout the history of the civilized world, since the decrees of Julius Caesar, the intention and wish of the soldier, with relation to designation of beneficiary or disposition of property, killed in the line of duty, has been carried out when ascertained, whether it was scrawled in the sand with the point of his sword, or written on the scabbard of his sword or his shield; * * * and remedial justice requires, under the facts in this case, that the designation of the niece in the letter to the mother be established from the date of presentation to and record thereof by the Bureau of War Risk Insurance."

The principle of that case is fairly applicable to the instant case. The policy in that case was made payable by the insured to his mother, who wrote to her what he had done, and in his letter expressed a wish that, if she should not live to get the entire benefits which were payable in monthly installments, she should then make it so that Agnes (his niece) would get it. The mother in her last will, by codicil, left the remaining insurance to the niece, as requested by her son, but her executor demanded that the unpaid installments be turned over to him. The niece thereupon presented to the bureau the letter written to the mother. The court ruled that failure to receive the letter, during the life of the soldier, designating the niece as beneficiary, did not defeat the rights conferred by the letter after the death of the insured.

Plaintiffs also seek recovery herein on the theory that the designated beneficiary became a trustee for the combined benefit of plaintiffs and herself. The proofs, supplemented by her conduct in making equal payments for several years after the soldier's death, in my opinion, establish this claim. The parol agreement between her and the insured that she would divide the installments was valid, and was sufficiently broad to impress a trust upon her which a court of equity may enforce. Hirsh v. Auer, 146 N. Y. 13, 40 N. E. 397; Matter of O'Hara, 95 N. Y. 403, 47 Am. Rep. 53; Hoeger v. Dorscheid, decided by Judge Brown in the New York Supreme Court May 7, 1925 (no opinion filed).

[3] The adjudications cited by counsel for defendants relating to hortatory or precatory words expressive of the wish that Alice would divide with the others are inapposite, since, according to the proofs, relations of a trustee clearly eventuated. The letters (Exhibits 1 and 2) and conversations were admissible. The interest in the insurance was to be derived from the insurer, and the letters and conversations did not concern property of the deceased, but specifically related to a trust relationship. Ward v. N. Y. Life Ins. Co., 225 N. Y. 314, 122 N. E. 207; Matter of Carpenter, 131 N. Y. 86, 29 N. E. 1005.

[4] The United States is a proper party defendant. The adverse claims and the evidence in support thereof were submitted to the bureau, which gave no recognition thereto, maintaining that there existed no rights of participation with the designated beneficiary. Shepherdson v. U. S. (D. C.) 271 F. 330; Elliott v. U. S. (D. C.) 271 F. 1001.

There are other adjudications cited in the briefs on both sides, but it is unnecessary to refer to them, as I am convinced that, under the proofs, the designated beneficiary and plaintiffs became entitled to an equal division of the monthly installments, and that a fair and reasonable interpretation of the War Risk Insurance Acts and the promulgated regulations justifies making such division and apportionment upon the records of the Bureau of War Risk Insurance.

A decree in conformity with this opinion may be entered on notice to the defendants.