■ KINGMAN BASSETT, Individually and as Trustee, Plaintiff, v. AMERICAN METER COMPANY et al., Appellants, and ROBERT S. BASSETT et al., Respondents.

(Meter case.) — Order of September 15, 1959 dismissing amended complaint as to the defendants Robert S. Bassett and Charles K. Bassett unanimously reversed, without costs of this appeal to any party, and motion denied, without costs. The motion to dismiss the appeal on the ground that the appellants are not aggrieved by the order dismissing the complaint as to the defendants Bassett is denied. Memorandum: The general rule of law that one partner cannot sue a copartner in an *action at law* on matters relating to the partnership until an accounting has been had and a balance struck does not relate to or preclude an action in equity seeking *equitable* relief by one partner against another. " It is well settled that one partner cannot sue the other at law, *as distinguished from an action in equity,* with respect to partnership transactions, except after a full accounting, and balance struck, and such an action is on contract and not *ex delicto.* If one partner betrays his trust, and converts to his own use partnership property, he incurs the usual liability that one partner incurs to another respecting partnership affairs, i.e., to be held liable in an accounting, but he cannot be sued by the other partner for damages *in an action for conversion.*" (Italics added.) (*Dalury* v. *Rezinas,* 183 App. Div. 456, 460, affd. 229 N. Y. 513.) The reasons for the exception are obvious. Injunctive or other protective equitable relief might be necessary to prevent an offending partner from confiscating or diverting to his own use the partnership assets while the offended partner would have to stand by and be unable to protect himself simply because he had not been able to institute or conclude a proceeding for an accounting. Inasmuch as the present action seeks to impress a trust on former partnership assets, to restrain defendants Bassett in certain respects during the pendency of the action, to appoint receivers, and for an accounting, a good cause of action is stated against defendants Bassett. In the companion case we have ordered a consolidation of the present case and *Bassett* v. *Bassett.* This will place all of the parties involved in both actions before the court at the same time. The court can control and direct the order of proof and can consider the rights of all of the parties, including the claims over in *Bassett* v. *American Meter Co.* and can give complete relief in the two actions because, as we have said, all parties and all contentions will be before the court. If the court determines that it is proper to make a preliminary exploration as to whether the plaintiff is entitled to an accounting, that may be done. If so, it would be only after the right to such an accounting had been determined that other matters would need be considered. If it should be decided in such consolidated action that there is no right to an accounting, that determination might well conclude the entire consolidated action. The defendants Bassett should be before the court in all causes of action so that the ultimate rights of all the parties can be determined. (*Shlansky & Bros.* v. *Grossman,* 273 App. Div. 544; CPLR 602, subd. [a]; 1001; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 602.02–602.05.) This is particularly so, in view of the claims over against them and the language of the indemnity agreement upon which such claims are asserted. (Appeal from order of Erie Special Term dismissing the amended complaint as against the Bassetts.) Present — Williams, P. J., Goldman, Henry and Del Veccio, JJ.