Edward S. Silver, J.
In this discovery proceeding, respondent, the widow of the decedent, moves to confirm the report of the Referee, and petitioners-executors cross-move to reject the report. The Referee recommended dismissal of the petition. The controversy arises from a provision in a partnership agreement wherein decedent’s partnership interest was to be transferred to his wife upon his death.
The Appellate Division (24 A D 2d 891), after holding this was an invalid testamentary disposition, directed a hearing on the issue raised by respondent “ that the funds invested in the partnership were jointly owned by the decedent and her and that she became entitled to the partnership share by right of survivorship.” The Referee recommended as a finding of fact that the funds were jointly owned and respondent became entitled thereto. In the affidavit supporting the motion to reject the Referee’s report, the petitioners construed the direction of the Appellate Division as being two issues, one of fact, whether the funds were jointly owned, and one of law, “ whether a joint tenancy with right of survivorship can arise where title to the property” is owned in one name only. The petitioners insist the Referee erred on both asserted issues.
Petitioners concede that respondent produced $1,650 of can-celled checks payable to the partnership for his interest of $2,800. These checks were all drawn on the joint account of the decedent and the respondent. The source of the remaining $1,150 has not been clearly demonstrated although there is evidence in the record that respondent advanced $200 in cash and an additional $750 was withdrawn in two checks at the request of decedent from the joint account, all of which was paid for legal services rendered to decedent’s son. The partnership had its inception one month after the date of the second of these two checks used to pay the legal expenses of decedent’s son, one of the petitioners herein. There is sufficient evidence in the record to permit the inference drawn by the Referee that the funds used to purchase decedent’s partnership interest were the funds jointly owned by decedent and respondent.
*668 Petitioners contend that, assuming the Referee is correct in finding the funds used were the joint funds of decedent and respondent, “ no joint tenancy with right of survivorship could possibly exist to this partnership interest since it was owned by, and title to the interest was registered in” the name of decedent alone. It would indeed be a short answer to say that this very situation was before the Appellate Division at the time the matter was remitted for trial of the issue. The Referee nonetheless properly .took testimony of the financial relationship of decedent and respondent.
The evidence adduced by respondent clearly shows a pattern of conduct. The respondent before her marriage owned several securities from which she received income. All of the income checks received on these investments were deposited in the joint bank account. The initial deposit therein appears to have been solely from the respondent’s funds. During the period of the marriage securities were held in a brokerage account in the joint names of the decedent and respondent with right of survivorship. Other securities were purchased in the joint names of decedent and respondent with the right of survivorship.
There is no evidence in the record that decedent ever purchased any securities during his marriage other than in this form; there is no evidence that decedent deposited any of his own funds in the joint bank account at any time except funds which were received as income from the securities standing in his name and in the name of the respondent with the right of survivorship.
Matter of Sitter (258 N. Y. 104, 106) pointed out the easy destructibility of a joint ownership in a bank account by withdrawal of one of the joint owners of no more than his equal share “ for his own use.” (Emphasis supplied.) This arises from the common-law concept of the destruction of the unity of title. There is, of course, inherent in destruction of the relationship by one joint owner the necessity that the withdrawal be for the sole use of the one withdrawing. If the funds are withdrawn for the joint use of the joint owners, the character of the withdrawn funds is not changed. The funds remain in joint ownership (Matter of Harris, 169 Cal. 725) when there is no action by the one withdrawing in hostility to the rights to the other joint owner. The property purchased with such funds in the name of one of the joint owners is held for the benefit of both, whether under a theory of a trust or some other relationship. The incidents of joint ownership attach to the property so purchased (cf. Anello v. Anello, 22 A D 2d 694; Burford v. Burford, 24 A D 2d 491).
*669 The record is clear and convincing that the funds, Oi* the greater part of them, used for the purchase of the partnership interest had their source in the joint account of the decedent and the respondent. The record is also clear and convincing that all securities purchased during the marriage — with the single exception of a bank account created by respondent from funds received from her first husband in trust for their son — were taken in joint ownership of the decedent and respondent. In entering into the partnership agreement, from the layman’s point of view, the decedent provided for the very result that would have happened if the interest in the partnership were taken in his name jointly with his wife with the right of survivor-ship. It taxes one’s logic to infer from the known circumstances that he was charged with the knowledge that upon his death the transfer of the interest to his wife upon her survival would be held to be ineffective as an invalid testamentary disposition. Decedent can be charged only with the expectation of the average man when he entered into the partnership agreement.
In Belfanc v. Belfanc (252 App. Div. 453, 456, affd. 278 N. Y. 563) it was noted that when it appears from the evidence that the investment arose from joint contributions of husband and wife, neither a presumption nor the statute (Beal Property Law, § 66, referred to by petitioners) will control “ when the evidence establishes a variant intention of the parties to take and hold the property otherwise. (Matter of Kaupper, 141 App. Div. 54, affd. 201 N. Y. 534.) Judge Craxe, speaking for the Court of Appeals, has said that ‘ the intention of the husband is the thing to be looked for.’ ” (Matter of Blumenthal, 236 N. Y. 448, 452.) In Belfanc v. Belfanc (supra, p. 457) it was stated that the question of intention at the time of the transaction is the thing sought and that parol evidence of the ownership of the funds with which the security was bought, whether there were contributions by both husband and wife, and what was the course of business which the husband and wife had between themselves was pertinent to the issue to be decided. ‘ ‘ Such facts constitute the usual proof of intention in this class of cases. ’ ’
On the basis of the agreement inferable from the facts and circumstances herein, respondent would be entitled to a judgment impressing a trust in her favor on the decedent’s investment in the partnership. However, since the evidence indicates that decedent was not acting in hostility to respondent’s rights but in confirmation thereof, respondent would be entitled to a judgment reforming the partnership contract to evidence her husband’s intention to purchase the interest in the joint names *670 of decedent and respondent with the right of survival (Matter of Levinsky, 23 A D 2d 25).
The motion to confirm the report of the Referee is granted. The motion to reject the report is denied.