Chief Judge Fuld.
This appeal stems from a discovery proceeding brought in the Surrogate’s Court by the executors of the estate of Abraham Hillowitz against his widow, the appellant herein. The husband had been a partner in an “ investment club ” and, after his death, the club, pursuant to a provision of the partnership agreement, paid the widow the sum of $2,800, representing his interest in the partnership. "In the event of the death of any partner,” the agreement recited, “his share will be transferred to his wife, with no termination of the partnership.” The executors contend in their petition that the above provision was an invalid attempt to make a testamentary disposition of property and that the proceeds should pass under the decedent’s will as an asset of his estate. The widow maintains that it was a valid and enforcible ‘contract. Although the Surrogate agreed with her, the Appellate Division held that the agreement was invalid as “an attempted testamentary disposition ” (24 A D 2d 891 ).[1]
A partnership agreement which provides that, upon the death of one partner, his interest shall pass to the surviving partner or partners, resting as it does in contract, is unquestionably valid, and may not be defeated by labeling it a testamentary disposition. (See, e.g., Gabay v. Rosenberg, 29. A D 2d 653, 654, following remission, 19 N Y 2d 899; Matter of Eddy, 175 Misc. 1011,1016, affd. 262 App. Div. 1015, affd. 290 N. Y. 677; Shubert v. Lawrence, 27 A D 2d 292, 296; Matter of Karlinski, 180 Misc. 44, 48; Matter of Mildrum, 108 Misc. 114, 116; McKinnon v. McKinnon, 56 F. 409, 412; Balafas v. Balafas, 263 Minn. 267, 276; see, also, Lanier v. Bowdoin, 282 N. Y. 32, 38, 40; 1 Rowley, Partnership [2d ed., 1960], pp. 704-705.) We are unable to perceive a difference in principle between an agreement of this character and one, such as that before us, providing for a deceased partner’s widow, rather than a surviving partner, to succeed to the decedent’s interest in the partnership. (See, e.g., Faggelle v. Marenna, 131 Conn. 277, 280; see, also, Wild v. *110 Davenport, 48 N. J. L. 129, 136; Lindley, Partnership [12th ed., I960], pp. 458-459.)
These partnership undertakings are, in effect, nothing more or less than third-party beneficiary contracts, performable at death. Like many similar instruments, contractual in nature, which provide for the disposition of property after death, they need not conform to the requirements of the statute of wills. (See, e.g., Matter of Fairbairn, 265 App. Div. 431, 433, mot. for lv. to app. den. 291 N. Y. 828.) Examples of such instruments include (1) a contract to make a will (see, e.g., Ga Nun v. Palmer, 216 N. Y. 603, 610; Phalen v. United States Trust Co., 186 N. Y. 178, 184; Gilman v. McArdle, 99 N. Y. 451, 461); (2) an inter vivos trust in which the settlor reserves a life estate (see, e.g., Matter of Ford, 304 N. Y. 598; City Bank Farmers Trust Co. v. Cannon, 291 N. Y. 125; City Bank Farmers Trust Co. v. Charity Organization Soc., 264 N. Y. 441; and (3) an insurance policy. (See, e.g., Hutchings v. Miner, 46 N. Y. 456, 460-461; Johnston v. Scott, 76 Misc. 641, 648; Ambrose v. United States, 15 F. 2d 52; see, also, Ward v. New York Life Ins. Co., 225 N. Y. 314; Note, 53 A L R 2d 1112.)
In short, members of a partnership may provide, without fear of running afoul of our statute of wills, that, upon the death of a partner, his widow shall be entitled to his interest in the firm. This type of third-party beneficiary contract is not invalid as an attempted testamentary disposition.
The executors may derive little satisfaction from McCarthy v. Pieret (281 N. Y. 407), upon which they heavily rely. In the first place, it is our considered judgment that the decision should be limited to its facts. And, in the second place, the case is clearly distinguishable from the one now before us in that the court expressly noted that the “ facts * * * indicate a mere intention on the part of the mortgagee to make a testamentary disposition of the property and not an intention to convey an immediate interest ’ ’ and, in addition, that the named beneficiaries ‘1 knew nothing of the provisions of the extension agreement ” (p. 413).
The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the order of the Surrogate’s Court reinstated.
*111 Judges Burke, Scileppi, Bergan, Breitel and Jasen concur with Chief Judge Fuld; Judge Keating concurs in result in the following memorandum: I concur in reversal but find it difficult to distinguish McCarthy v. Pieret (281 N. Y. 407), and am not prepared to overrule that authority. I prefer to rest reversal on the ground that respondent widow is entitled to interest in the partnership by right of survivorship as set forth in the second opinion of the Surrogate (51 Misc 2d 666).
Order reversed, etc.

. Following its initial determination that the agreement was invalid, the Appellate Division remitted the case to the Surrogate’s Court for further proceedings on an issue not here relevant and, following such remission, again found in favor of the executors and against the widow and directed her to deliver the subject asset to the executors. The present appeal, before us as of right, brings up for review the prior Appellate Division order (CPLR 5501, subd. [a], par. [1]; see Matter of Hillowitz, 20 N Y 2d 952).