■ YVONNE LA FLEUR et al., Respondents, v CHARLES N. MONTGOMERY, Appellant.—Order, Supreme Court, New York County, entered February 24,

1978, denying defendant's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7), unanimously modified, on the law, to the extent of reversing so much thereof as sustained the fourth and fifth causes of action, the motion is granted to the extent of dismissing the fourth and fifth causes of action and severing the second cause of action which is hereby consolidated with the accounting action brought by defendant, and, as so modified, affirmed, without costs and disbursements. The complaint herein contains five causes of action, the first three being brought on behalf of all the plaintiffs and the fourth and fifth being brought on behalf of Yvonne La Fleur and Arnold Wasserman, respectively. In the first cause of action plaintiffs are not seeking an accounting with respect to the joint venture, but are seeking to recover loss of profits sustained by them in consequence of defendant's alleged breach of contract in wrongfully terminating the joint venture. Assuming the allegations to be true, under such circumstances an action at law to recover for loss of profits may be maintained independent of seeking the equitable relief of an accounting (see *Crownshield Trading Corp. v Earle*, 200 App Div 10, 15). The second cause of action alleges diversion of the proceeds of the sale of certain of the joint ventures' products to the defendant's own use. Under such circumstances, if defendant has betrayed his trust and converted to his own use property of the joint venture, he incurs the usual liability that one joint venturer incurs to another respecting joint venture affairs, that is, to be held liable in an accounting, but he cannot be sued by the other joint venturers for damages in an action for conversion (see *Sohon v Rubin*, 282 App Div 691). Accordingly, the second cause of action is properly maintainable in the accounting action heretofore brought by defendant and is severed from this action and directed to be consolidated with that accounting action. The third cause of action alleges that defendant has improperly claimed ownership of the trade-mark "Yvonne LaFleur" to the plaintiffs' damage. It is clear that this cause of action does not require an adjustment of the internal affairs of the joint venture for plaintiffs to obtain relief. The fourth and fifth causes of action allege an intentional breach of the joint venture agreement on defendant's part directed against plaintiff La Fleur and plaintiff Wasserman, respectively, which occasioned damage to the reputation of these parties in the business community. These causes of action allege in effect prima facie tort and as there is no allegation of special damages, they fail to state causes of action. Even assuming an allegation of special damages, these causes, as pleaded herein, would fail to state additional causes of action as they are repetitious of plaintiffs' first cause of action sounding in breach of contract, and the mere allegation that such breach was maliciously intended does not serve to give them a separate identity as tort claims apart from the breach of contract claim (see *Friedman v Roseth Corp.*, 270 App Div 988, affd 297 NY 495). Concur—Kupferman, J. P., Birns, Fein, Lupiano and Yesawich, JJ.