■ LEAH PARNES, Appellant, v ALEX EDELMAN et al., Respondents, et al., Defendants.—In an action, inter alia, for an accounting and injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated February 19, 1986, as denied those branches of her motion which were for (1) dismissal of the defendant Edelman's third, seventh and eighth affirmative defenses, (2) a preliminary injunction enjoining the defendant Edelman from managing the partnership, (3) the appointment of a receiver to manage the partnership, (4) an injunction with respect to the disposition of certain partnership funds, and (5) an order directing the deposition of a nonparty witness.

Ordered that the order is modified, on the law, by deleting the second and seventh decretal paragraphs thereof and substituting therefor (1) a provision granting those branches of the plaintiff's motion which were to dismiss the defendant Edelman's seventh and eighth affirmative defenses and denying that branch of the plaintiff's motion which was to dismiss the defendant Edelman's third affirmative defense, and (2) a provision granting that branch of the plaintiff's motion which was for an order directing the deposition of the nonparty

witness, Efraim Bodek. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements. The deposition of the nonparty witness, Efraim Bodek, and production of the partnership's books and records, shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by the plaintiff, or at such time and place as the parties may agree.

The instant controversy concerns a partnership agreement entered into by Zev Parnes, the plaintiff's deceased husband, the defendants Edelman and Friedman and Nash Kestenbaum. Zev Parnes and Nash Kestenbaum each owned one third of the partnership and the remaining one-third interest was shared equally by the defendants Edelman and Friedman. Further, the agreement provided that upon the death of a partner, his or her "interest would be transferred to his or her "surviving spouse and children". Pursuant to this provision, the plaintiff acquired Zev Parnes's partnership "interest" upon his death in 1979. The issue herein is whether the plaintiff, as transferee of her deceased husband's partnership interest, became a substitute partner upon his death.

In her complaint, the plaintiff asserted, *inter alia,* that the defendant Edelman mismanaged and misappropriated partnership assets. Therefore, the plaintiff alleged that, in her status as a partner, the defendant Edelman must account for any purported breach of fiduciary duties owed to his fellow partners. Additionally, the plaintiff requested that the defendant Edelman be removed as managing partner. The defendant Edelman denied the material allegations of the complaint and asserted several affirmative defenses.

The defendant Edelman's seventh affirmative defense alleged that the plaintiff, as a partner, did not have standing to sue another partner. It is well settled that prior to an accounting, one partner cannot sue another partner in an action at law *(see, Arnold v Arnold,* 90 NY 580; *Pace v Perk,* 81 AD2d 444; *Bassett v American Meter Co.,* 20 AD2d 956). However, if one partner has breached a fiduciary duty owed to his other partners, the offending partner may be held to account in an action in equity *(see, Pace v Perk, supra,* at 453; *Bassett v American Meter Co., supra,* at 957). Inasmuch as the plaintiff seeks equitable relief, she is not precluded from bringing the action. Therefore, Edelman's seventh affirmative defense must be dismissed.

Similarly, the eighth affirmative defense should also be dismissed. Edelman asserted that the plaintiff could not bring the instant action because the partnership was dissolved.

Although the death of Zev Parnes dissolved the partnership as a matter of law (see, Partnership Law §§ 60, 62), it is clear that the partnership's business was not terminated. Since the partnership agreement provided that the plaintiff received her deceased husband's partnership interest upon his death, she has legal capacity to maintain the instant action. Accordingly, the eighth affirmative defense should have been dismissed.

Edelman's third affirmative defense stated that the plaintiff was never a partner in the instant partnership. The parties do not dispute that the partnership agreement provided for the partnership to continue in the event of death of one of the founding partners. The dispute concerns the plaintiff's status as transferee of her deceased husband's "interest". Therefore, the court correctly held that there are material issues of fact requiring a trial as to the plaintiff's status. Moreover, there are also questions of fact requiring a trial as to the plaintiff's allegations concerning the defendant Edelman's management of the partnership. Accordingly, the court properly denied these branches of the plaintiff's motion which were to dismiss the third affirmative defense, for an accounting, and for injunctive relief.

Finally, the court erred in denying that branch of the plaintiff's motion which was for an order directing the deposition of the partnership's accountant, Efraim Bodek. The plaintiff demonstrated the "special circumstances" necessary to obtain disclosure pursuant to CPLR 3101 (a) (4) (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22). Further, it appears that Bodek was served with a copy of the motion papers in which the request was made. Therefore, the plaintiff complied with the requirements of CPLR article 31 with respect to the deposition of a nonparty witness. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.