In re Marlene S. ZEIDMAN, a/k/a Marlene Zeidman, Debtor.

Fran BERG, Plaintiff,

v.

Marlene S. ZEIDMAN, a/k/a Marlene Zeidman, and Creative Craft Corner, Defendants.

Bankruptcy No. 891–81522–20. Adv. No. 891–8257–20.

United States Bankruptcy Court, E.D. New York, at Westbury.

Sept. 1, 1993.

---

Stuart R. Berg, P.C., Garden City, NY, for plaintiff.

A. Scott Mandelup, Pryor & Mandelup, Mineola, NY, for defendants.

Stan Y. Yang, Office of U.S. Trustee, Garden City, NY.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

ROBERT JOHN HALL, Bankruptcy Judge.

This matter comes before the Court upon a motion for summary judgment ("Motion")

by Fran Berg, plaintiff ("Plaintiff") in the above-captioned adversary proceeding ("Adversary Proceeding"). The above-referenced debtor is a named defendant ("Defendant") in the Adversary Proceeding; the Defendant has cross-moved for costs and attorneys' fees incurred in opposing the Motion and for sanctions against Plaintiff's attorney for unreasonably and vexatiously multiplying the proceedings ("Cross-motion").

The Court has jurisdiction over this case pursuant to sections 157(a), 157(b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (I), (J) and (O) of title 28. The Motion was made pursuant to Federal Rule of Civil Procedure 56, made applicable herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Cross-motion was filed pursuant to section 1927 of tile 28 and Bankruptcy Rule 9011, which makes Federal Rule 11 applicable herein.

For the reasons set forth below, Plaintiff's Motion for summary judgment and Defendant's Cross-motion for sanctions are both **DENIED**. All parties are directed to appear by their attorneys at a pre-trial conference before the Court on November 4, 1993 at 9:30 a.m.

### RELEVANT FACTS

For approximately eight years, between 1982 and 1990, the Defendant conducted ceramic classes and sold ceramic pieces from the basement of her home in Baldwin, New York. On April 4, 1990, Plaintiff and Defendant entered into an agreement creating a joint business venture for the same purposes ("Venture"). In November 1990, the Plaintiff ceased conducting ceramic classes due to her pregnancy. Plaintiff characterizes this suspension in teaching classes as a maternity leave, and the Defendant contends that the Venture was dissolved upon this occurrence.

On March 29, 1991, Eric Zeidman, Defendant's husband, filed a Business Certificate with the Nassau County clerk's office wherein he declared he was doing business under the name "Creative Craft Corner." Defendant began teaching ceramic classes at Creative Craft Corner from the time its operations commenced and apparently does so to date.

On or about April 3, 1991, Plaintiff commenced an action against the Defendant in the Supreme Court of Nassau County alleging a conversion of the partnership business and wrongful lock-out of the Plaintiff. On April 12, 1991, the Defendant filed a voluntary petition under chapter 7 of title 11, United States Code ("Bankruptcy Code"). Plaintiff's state court action was stayed pursuant to section 362 of the Bankruptcy Code.

Plaintiff commenced this Adversary Proceeding against the Defendant, Defendant's husband Mr. Zeidman, and Creative Craft Corner by filing a complaint with the Court on July 23, 1991. In her first claim for relief, Plaintiff requests an order of the Court determining that the debt owed to the Plaintiff is non-dischargeable pursuant to Bankruptcy Code section 523(a)(4).[1] In her second claim for relief, Plaintiff requests that the Court (i) altogether deny a discharge to the Debtor pursuant to section 727(a) of the Bankruptcy Code;[2] (ii) grant

1. Section 523(a)(4) of the Bankruptcy Code provides for an exception to a debtor's discharge in the case of a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny". 11 U.S.C. § 523(a)(4).

2. Section 727(a) provides bases upon which a court may completely deny a discharge to a debtor. 11 U.S.C. § 727(a). *See, e.g.,* 11 U.S.C. § 727(a)(3) (discharge denied where "debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained"); *id.,* at (a)(4) ("the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account; (B) presented or used a false claim"); *id.* at (a)(5) ("the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities").

"[j]udgment for damages sustained by the plaintiff by reason of the defendant's conversion of partnership assets"; and (iii) grant punitive damages, costs and attorneys' fees associated with the Adversary Proceeding and an examination conducted pursuant to Bankruptcy Rule 2004. Pursuant to the Motion at bar, the Plaintiff seeks an order: (i) striking Defendants' answers; (ii) directing the entry of summary judgment; and (iii) setting the case down for an assessment of damages upon the cause of action set forth in the Complaint, together with attorney's fees, interest, and costs. The Defendant filed her response to the Motion on October 15, 1991 which also included her Cross-motion for costs, attorneys' fees and sanctions.

## LEGAL DISCUSSION

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The burden is on the moving party to demonstrate the absence of a genuine dispute as to any material fact. *See United States v. Bosurgi*, 530 F.2d 1105, 1110 (2d Cir.1976).

In the case at bar, Plaintiff and Defendant dispute numerous important facts with respect to Plaintiff's first claim for relief under section 523(a)(4). Such issues include whether the Venture constituted a partnership; when and if a dissolution of the partnership or the Venture occurred; what assets were Venture/partnership assets and whether there was a division thereof; whether any assets were fraudulently transferred by the Defendant; and whether the Defendant did, or should have afforded the Plaintiff an opportunity to participate in what became Creative Craft Corner.

Additionally, the Court cannot determine at this juncture whether the Plaintiff appropriately commenced an action for conversion. It is a general principal of partnership law that "partners cannot sue each other at law for a breach of a partnership agreement or with reference to partnership affairs *before* there has been an accounting of the partnership assets." *Friedman v. Golden Arrow Films, Inc.*, 442 F.2d 1099, 1107 (2d Cir.1971) (emphasis added); *Arnold v. Arnold*, 90 N.Y. 580 (1882); *Bassett v. American Meter Co.*, 20 A.D.2d 956, 249 N.Y.S.2d 815 (4th Dep't 1964). Thus: "If one partner betrays his trust and converts to his own use partnership property, he incurs the usual liability that one partner incurs to another respecting partnership affairs—i.e., to be held liable in an accounting; but he cannot be sued by the other partner for damages in an action for conversion." *Dalury v. Rezinas*, 170 N.Y.S. 1045, 1049 (1918), *aff'd*, 229 N.Y. 513, 129 N.E. 896 (1920). But unlike an action for conversion, courts have permitted partners to sue for wrongful termination or dissolution of a partnership without first requiring an action for an accounting. *See Walters v. Sawyer (In re Sawyer)*, 130 B.R. 384 (Bankr.E.D.N.Y.1991) (damages granted for partnership agreement breach where court determined that partnership wrongfully dissolved); *LaFleur v. Montgomery*, 70 A.D.2d 545, 416 N.Y.S.2d 602, 603–04 (1st Dep't 1979). In *LaFleur,* the court permitted the plaintiffs, joint venturers, to bring an action for wrongful termination of a joint venture independently of an action for an accounting where the Plaintiff sought damages for loss of profits. *Id.* 416 N.Y.S.2d at 603–04. The court ordered, however, that a conversion action could not be maintained unless it were consolidated with an accounting action previously instituted. *Id.*

At this point in the Adversary Proceeding, the Court cannot possibly determine whether a partnership exists or existed, or whether a partnership (or the Venture) was rightfully or wrongfully terminated. Consequently, there exists the issue of whether the Plaintiff's action for conversion ought to have been brought as an action for an accounting (possibly producing a core ver-

sus non-core issue) or for wrongful dissolution.[3]

In the case at bar, the Court finds that their are genuine issues of material fact which also preclude it from granting Plaintiff's Motion for summary judgment with respect to her section 727(a)(2), (a)(3), and (a)(4) claims for relief. Important issues include whether the Debtor is the true owner of Creative Craft Corner and is attempting to conceal this from the Court and from her creditors; whether the Debtor concealed the receipt of money earned from the operation of Creative Craft Corner; whether the Debtor has concealed or failed to keep or preserve documents, records, and papers of the Debtor's financial conditions or business transactions; whether the Debtor knowingly and fraudulently has made a false oath or account in her chapter 7 petition concerning her employment status and her earnings; and whether the Debtor made perjurious statements regarding her business records during an examination of her conducted pursuant to Bankruptcy Rule 2004.

The existence of many of the above facts must be established by the Plaintiff as they constitute core elements of the her claims for relief. Most, if not all, are expressly denied by Defendant in her answer dated August 30, 1991 ("Answer"). The Answer states that the Defendant denies all of the following allegations contained in the Complaint (Answer of Marlene S. Zeidman dated August 9, 1991, at 2): The Defendant "barred [Plaintiff's] access to the partnership operation and location", Complaint at 3; various assets of the partnership were moved from the partnership's original location in Baldwin to Oceanside, New York; these actions "amounted to a fraudulent conversion of the partnership assets be-

longing to the plaintiff", *id.;* Defendant transferred all of the partnership assets "immediately preceding the filing of her Chapter 7 petition ... which amounted to fraud and defalcation on the part of the defendant", Complaint at 4; Defendant has received, post-petition, "payment of monies as the owner of Creative Craft Corner, the receipt of which monies have been concealed", *id.* at 5; and Defendant "fraudulently transferred partnership assets to her husband for no consideration", *id.*

Plaintiff has obviously not carried her burden of establishing the absence of genuine issues of material fact. The Motion was based upon convincing documents, exhibits and affidavits, though. Accordingly, the Court finds that the Motion has not unreasonably and vexatiously multiplied the proceedings and that sanctions are not warranted.

For the foregoing reasons, the Plaintiff's Motion for summary judgment and the Defendants' cross motion for sanctions are both **DENIED** in full. Plaintiff and Defendant are directed to appear before the Court (1635 Privado Road/Westbury, New York/Room 205) for a pre-trial hearing to take place on November 4, 1993 at 9:30 a.m.

---

**3.** The instant case is distinguishable from *Stone v. Stone (In re Stone),* 94 B.R. 298 (S.D.N.Y. 1988), *aff'd,* 880 F.2d 1318 (2d Cir.1989) in which the Southern District held that in New York a partner is a fiduciary within the meaning of section 523(a)(4), as "the true contours of a partner's fiduciary obligations are defined prior to and independent of the act" which creates a debt incurred due to fraud or defalcation. *In re Stone,* 94 B.R. at 302–03. There, the plaintiff had initially commenced an action for an accounting in state court against a partner/debtor prior to requesting judgment declaring the debt non-dischargeable. The Court is not aware of any pending action for an accounting in the instant case.