■ KATHLEEN M. DAME, Individually and as Executor of RODNEY P. DAME, Deceased, Respondent, v RAYMOND E. WILLIAMS, JR., Individually and as Managing Partner of ADIRONDACK GARDENS APARTMENTS, et al., Appellants, et al., Defendant. [727 NYS2d 816] —Mercure, J. Appeal from that part of an order of the Supreme Court (Dawson, J.), entered November 29, 2000 in Clinton County, which denied a motion by defendants Raymond E. Williams, Jr., and Adirondack Gardens Apartments to partially dismiss the complaint for failure to state a cause of action.

Rodney P. Dame (hereinafter decedent) entered into a written partnership agreement with defendants Raymond E. Williams, Jr., and Roy E. Perry on March 16, 1979 to create a general partnership known as defendant Adirondack Gardens Apartments (hereinafter the partnership). The partnership's stated purpose was the acquisition, development and management of real property investment opportunities. The agreement was amended in 1982 so as to replace certain provisions concerning the death of a partner and the purchase of life insurance with the following language:

"Upon the death of either partner, the deceased partner's estate shall succeed to the interests of the deceased partner and the partnership shall continue with the executor of the deceased partner *substituted in the place and stead of the deceased partner*. Said executor *shall take no active part in the conduct of the partnership affairs* nor shall said executor be required to devote any of his or her time to the partnership affairs. Each of the surviving partners shall be paid the sum of FIVE THOUSAND DOLLARS ($5,000.00) in addition to their share of the partnership profits" (emphasis supplied).

Decedent managed the partnership from 1979 until 1994, when pancreatic cancer prevented him from continuing in that capac-

ity and Williams took over as manager. Decedent died on July 19, 1996 and plaintiff, his widow, was appointed executor of his estate on September 9, 1996. The partnership has continued in business since decedent's death, with Williams as managing partner.

Plaintiff commenced this action in October 1998, alleging that Williams engaged in self-dealing, misappropriated partnership income and violated his fiduciary duty of loyalty to his partners and seeking dissolution of the partnership, an accounting from Williams and Perry, the appointment of plaintiff as a receiver to "wind up" the partnership, and injunctive relief to prevent Williams from conducting any further business on behalf of the partnership. The partnership and Williams (hereinafter collectively referred to as defendants) counterclaimed for an accounting of decedent's conduct as managing partner.

After issue was joined, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, except so much thereof as sought an accounting of decedent's interest in the partnership at the time of his death, and moved to cancel a notice of pendency that had been filed by plaintiff. Supreme Court canceled the notice of pendency but otherwise denied defendants' motion. Defendants appeal from so much of Supreme Court's order as denied their motion to dismiss.

Initially, we agree with defendants that, to the extent challenged by defendants, the complaint as drafted fails to state a cause of action because none of the partnership agreements alleged in or made a part of the complaint invested in plaintiff the right to participate in the partnership, to seek its dissolution or a winding up of its affairs, or to compel an accounting of any partner. Pursuant to Partnership Law § 50, "[t]he property rights of a partner are (a) his rights in specific partnership property, (b) his interest in the partnership, and (c) his right to participate in the management." Notably, "[a] partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property" (Partnership Law § 51 [2] [b]) and, upon the death of a partner, his or her right in specific partnership property vests not in his or her legal heirs but in the surviving partner or partners (Partnership Law § 51 [2] [d], [e]). In contrast, the partner's interest in the partnership, which constitutes "his share of the profits and surplus" (Partnership Law § 52), is freely assignable (see, Partnership Law §§ 52, 53 [1]). Finally, Partnership Law § 53 (1) provides:

"A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the

other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled."

As can be seen, the various provisions of the Partnership Law hereinbefore set forth operate to deprive plaintiff of two of the three property rights of a partner. Further, the interest in the partnership that she did receive gives her no rights other than to receive the profits to which decedent would have been entitled had he lived (*see*, Partnership Law § 53 [1]). Nor are we persuaded that the 1982 amendment to the partnership agreement provided plaintiff with any greater rights. When read in conjunction with the language "[s]aid executor shall take no active part in the conduct of the partnership affairs nor shall said executor be required to devote any of his or her time to the partnership affairs," the language "the partnership shall continue with the executor of the deceased partner substituted in the place and stead of the deceased partner" strikes us as entirely consistent with the provisions of Partnership Law § 53 (1).

We are also unpersuaded that either the decision of the Court of Appeals in *Matter of Hillowitz* (22 NY2d 107) or of the Second Department in *Parnes v Edelman* (128 AD2d 596), upon which plaintiff places great reliance, compels a different result. *Matter of Hillowitz* (*supra*) merely stands for the proposition that the statute of wills does not prevent enforcement of the provision of a partnership agreement that, upon the death of a partner, his widow shall succeed to his interest in the partnership (*id.*, at 109-110). Although *Parnes v Edelman* (*supra*) would appear to stand for the proposition that a transferee spouse has standing to compel an accounting of a partner who has breached a fiduciary duty owed to the other partners, the Court expressly did not pass on the merits of an affirmative defense alleging the transferee spouse's lack of status as a partner (*id.*, at 598).

In fact, plaintiff offers no persuasive legal argument to counter defendants' contentions concerning the effect of the various provisions of the Partnership Law on plaintiff's interest in the partnership, but merely contends that the clear intent of the partners was otherwise. As earlier noted, we disagree. In addition, we agree with defendants that plaintiff's

arguments concerning defendants' subsequent ratification of the amendment or the application of the doctrines of equitable estoppel or partnership at will are far outside the scope of the complaint and unsupported by the record in any event.

Based upon the foregoing, we conclude that, to the extent appealed, Supreme Court erred in denying defendants' motion to dismiss the complaint for failure to state a cause of action. To the extent they have not been addressed, plaintiff's remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied the motion to partially dismiss the complaint; said motion granted and complaint dismissed except so much thereof as seeks an accounting of Rodney P. Dame's interest in defendant Adirondack Gardens Apartments as of the time of his death; and, as so modified, affirmed.