(March 17, 2011)

■ OFSI FUND II, LLC, et al., Appellants, v CANADIAN IMPERIAL BANK OF COMMERCE, Individually and as Administrative Agent and Collateral Agent, et al., Respondents. [920 NYS2d 8]—

Sections 9.6, 10.6, and 10.14 of the credit and note agreements are unambiguous. Therefore, we do not consider the affidavit of plaintiff Orchard First Source Capital, Inc.'s managing director about industry custom (*see e.g. Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Read together, the above-cited sections show that Canadian Imperial Bank of Commerce, as administrative and collateral agent, did not breach the agreements by releasing a lien on collateral that was the subject of a sale; the requisite lenders had consented to such sale. We decline to consider plaintiffs' contention—not raised until oral argument on their motion to renew and reargue—that Canadian Imperial Bank of Commerce failed to establish that it had complied with section 10.14. Similarly, we decline to consider plaintiffs' argument—made for the first time in a footnote in their appellate reply brief—that Canadian Imperial Bank of Commerce breached section 2.4 of the agreements by failing to distribute

net asset sale proceeds in accordance with that section (*see e.g. Shia v McFarlane*, 46 AD3d 320 [2007]).

Plaintiffs are correct that a tort claim is not always duplicative of a contract claim (*see e.g. Sommer v Federal Signal Corp.*, 79 NY2d 540, 550-553 [1992]). However, their claims for gross negligence/willful misconduct sound in contract rather than tort. First, absent the credit and note agreements, Canadian Imperial Bank of Commerce would have had no duty to plaintiffs to refrain from releasing a lien on collateral (*see id.* at 551; *Alitalia Linee Aeree Italiane, S.p.A. v Airline Tariff Pub. Co.*, 580 F Supp 2d 285, 293 [SD NY 2008]). Contrary to plaintiffs' contention, Canadian Imperial Bank of Commerce did not assume all the duties of an agent under New York law. Section 9.2 (A) of the credit and note agreements explicitly limits the duties of the administrative agent and collateral agent (*see G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 101 [2007], *affd* 10 NY3d 941 [2008]). Second, the injury is "not personal injury or property damage; there was no abrupt, cataclysmic occurrence . . . plaintiff is essentially seeking enforcement of the bargain" (*see Sommer*, 79 NY2d at 552). With respect to plaintiffs' willful misconduct claim, merely alleging that a breach of contract was "maliciously intended" does not give the breach of contract claim a separate and independent identity as a tort claim (*La Fleur v Montgomery*, 70 AD2d 545, 546 [1979]).

Plaintiffs submitted a series of e-mails on the motion to renew. While these e-mails may have been newly discovered by plaintiffs, they would not have changed the prior determination (*see* CPLR 2221 [e]). Plaintiffs could not use the e-mails to create an ambiguity in the clear and unambiguous credit and note agreements. These agreements were the basis for dismissing the contract claims (*see e.g. W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]). Similarly, the e-mails would not have affected the dismissal of the gross negligence/willful misconduct claim.

On appeal, plaintiffs do not explain why New York rather than Delaware law should apply to their claim that the directors of Protocol (a Delaware corporation) breached their fiduciary duty to the corporation. The motion court correctly found that plaintiffs, as creditors, could not assert breach of fiduciary duty as a direct claim, even if Protocol was insolvent (*see North Am. Catholic Educ. Programming Found., Inc. v Gheewalla*, 930 A2d 92, 94 [Del 2007]). In both the amended complaint and the proposed second amended complaint, plaintiffs assert claims as creditors rather than shareholders. Moreover, at oral argument, plaintiffs conceded that they were suing because Canadian Imperial Bank of Commerce had released the *creditors'* lien.

Plaintiffs' contention that the court's decision conflicts with *Edgewater Growth Capital Partners, L.P. v H.I.G. Capital, Inc.* (2010 WL 720150, 2010 Del Ch LEXIS 42 [2010]) is without merit. The Delaware Chancery Court denied the defendants' motion to dismiss "largely" because of the "great deal of evidence outside of the pleadings" that they submitted (2010 WL 720150, *1, 2010 Del Ch LEXIS 42, *3), not because it agreed with the plaintiffs' substantive arguments.

Plaintiffs never requested leave of the motion court to replead their breach of fiduciary duty claim as a derivative claim, and thus waived the argument that they should be permitted to do so (*see Gheewalla*, 930 A2d at 97). As there is no breach of fiduciary duty claim, there can be no claim for aiding and abetting breach of fiduciary duty. This is true regardless of whether Delaware or New York law applies (*see e.g. Trenwick Am. Litig. Trust v Ernst & Young, L.L.P.*, 906 A2d 168, 215 [Del Ch 2006], *affd* 931 A2d 438 [2007]; *Fiala v Metropolitan Life Ins. Co.*, 6 AD3d 320, 323 [2004]). Concur—Gonzalez, P.J., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.