Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about February 22, 2012, which, to the extent appealed from, granted defendant’s motion to dismiss the cause of action for breach of contract related to labor organizing activity and the request for punitive damages, unanimously affirmed, with costs.
Pursuant to section 13.1 of the parties’ stock purchase agreement, all claims for breach of representation and warranty expire after one year of closing on the sale, unless plaintiff provides defendant with a notice of claim “satisfying the content of Section 11.2 (a),” which requires that a notice of claim set forth the existence of a claim and, if possible, the facts underlying the claim. Plaintiffs July 17, 2009 notice of claim was timely but did not allege a breach of the labor organizing representation and warranty contained in section 2.14 (b) of the agreement; it alleged only a breach of certain employment-related representations contained in section 2.14 (d). Plaintiff having failed to provide defendant with a timely notice of its claim under section 2.14 (b), the claim expired.
Section 11.1 (a) (5) of the stock purchase agreement prohibits claims for punitive damages (other than any such damages payable pursuant to a third-party claim). Contrary to plaintiffs contention, while section 11.1 (a) exempts claims involving allegations of fraud or intentional or willful misconduct from the limitations therein, it does not override this prohibition. Nothing in section 11.1 (a) suggests that the parties agreed to permit a punitive damages request in connection with a breach of contract claim—even if such an agreement were valid (see Garrity v Lyle Stuart, Inc., 40 NY2d 354, 360 [1976] [“The freedom of contract does not embrace the freedom to punish, even by contract”]). In any event, punitive damages are not recoverable *458 because defendant’s alleged conduct is not actionable as a tort independent of its alleged failure to perform its contractual obligations (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]). The mere allegation that the alleged breach of contract was “maliciously intended” or constituted “willful misconduct” does not render the breach of contract claim a separate and independent tort claim (see OFSI Fund II, LLC v Canadian Imperial Bank of Commerce, 82 AD3d 537, 539 [1st Dept 2011], lv denied 17 NY3d 702 [2011]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Gonzalez, EJ., Tom, Sweeny, Renwick and Richter, JJ.